## GEORGE B. GROVES *et al.*

*v.*

## ANDREW J. WEBBER.

1. INJUNCTION—*to restrain sale which would create cloud upon title.* A court of chancery has jurisdiction to prevent the creation of a cloud upon title, as well as to remove such cloud, and where it appears that a deed ac_ quired at a sale about to be made by a sheriff on execution, would only be a cloud upon the title of the complainant, such sale will be enjoined.

2. The owner of land sold and conveyed the same to a *bona fide* purchaser, who filed his deed for record on the day of its execution. On the same day, and after the deed was filed for record, an attachment was issued in aid of a suit then pending, against the vendor, in another county, directed to the sheriff of the county where the land was situated, and on the same day was levied by the sheriff on the land, but no certificate thereof filed until several days afterwards; the attachment suit was prosecuted to judgment, and a special execution issued thereon against the land: *Held,* that a sale under the execution would only create a cloud upon the title of the purchaser from the defendant in the attachment, and that a court of chancery had jurisdiction to and should restrain the sale.

3. PURCHASER—*of his rights as against an attaching creditor.* A *bona fide* purchaser of land, whose deed is delivered to him and filed for record in the county where the land lies, before the issuing of an attachment against the vendor in another county, which is issued and levied on the land on the same day of the execution, delivery and recording of the deed, but no certificate of such levy filed until several days afterwards, acquires the title to the land, whatever may have been the purpose or intention of the vendor in making the sale.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. F. M. YOUNGBLOOD, and Messrs. CASEY & WILSON, for the plaintiffs in error.

Mr. EDWARD V. PIERCE, for the defendant in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

Webber, the defendant in error, purchased of Bales the lands in question, situate in Saline county, April 3, 1867, paying Bales therefor the sum of $1500, and taking from him a deed,

which was filed for record at 3 o'clock P. M. of that day. Groves, having at that time an action at law pending in Franklin county, against Bales, on the same day sued out an attachment in aid, which was delivered to the sheriff in the afternoon of the same day, but after Webber had received his deed, and which he levied upon the same land, at 3 o'clock P. M. of that day, but no certificate of levy was filed until several days thereafter. Groves, having prosecuted his suit against Bales in the Franklin circuit court, to judgment, sued out a special execution against these lands, and placed it in the sheriff's hands, whereupon Webber filed this bill in equity to enjoin such sale, and to prevent a cloud upon his title. Answers and replication were filed, a change of venue taken to Perry county, where the cause was heard upon pleadings and proofs, and a decree entered in favor of the complainant, enjoining such sale, and the defendants bring the case here by writ of error.

The first point made is, that, conceding Webber's purchase to have been made in good faith, without notice, and to have been fully consummated before the delivery of the attachment to the sheriff, still there was no jurisdiction in equity, for the reason that there was an adequate remedy at law.

In *Christie* v. *Hale*, 46 Ill. 122, a similar objection was answered by this court, thus: " It is also insisted that, although plaintiffs in error may have no lien or other right, the remedy of defendant in error is complete at law, and equity will not entertain jurisdiction to grant relief. The fact that the holder of a cloud on complainant's title may compel him to defend himself against it, with the expense and vexation attending a suit, is the ground upon which bills *quia timet* are placed. *Jarvis* v. *White*, 7 Ves. 415. And if the court may, to prevent litigation, expense and vexation, entertain jurisdiction to remove a cloud, no reason is perceived why it may not be exercised to prevent the creation of such a cloud. And in the case of *Pettit* v. *Shepherd*, 5 Paige, 493, it was held, that the court of chancery would restrain a sale on an execution, where it appeared that a deed acquired at such a sale would only be a cloud on the title of a *bona fide* purchaser. In that case, a

creditor, after his judgment had ceased to be a lien, sued out an execution, and the sheriff was proceeding to sell land upon which the judgment had been a lien, but had been sold by the judgment debtor to a *bona fide* purchaser, and, on his application, the court enjoined the sale."

If Webber was a *bona fide* purchaser, and had become so before the writ of attachment was issued, then it clearly follows that a deed acquired at a sale upon the special execution, in favor of Groves and against Bales, would be only a cloud upon Webber's title, and chancery would have jurisdiction to prevent it.

The evidence is somewhat voluminous, but it appears, from a clear preponderance of it, that Webber purchased, paid the consideration and took a conveyance from Bales before the writ of attachment issued, and without any notice that it was about to issue. He had the deed in his possession several hours before he had any knowledge in reference to the writ of attachment. Whatever might have been the purpose of Bales, the evidence wholly fails to show any complicity on the part of Webber in any fraudulent purpose. We must, therefore, regard him as a *bona fide* purchaser of these lands without notice, before the writ of attachment was issued, and at the time it was levied his deed was filed for record in Saline county, where the lands were situate, but no certificate of levy under the writ was filed until several days thereafter.

This was a writ of attachment, issued from the circuit court of Franklin to the sheriff of Saline county. The statute declares: "Where a writ of attachment or writ of execution is issued from the circuit court of one county to any sheriff or other officer of another county, and levied upon any real estate in such county, it shall be the duty of the officer making such levy to make a certificate thereof, and file the same in the recorder's office of the county where such real estate is situated; and until the filing of such certificate, such levy shall not take effect as to creditors or *bona fide* purchasers without notice."

We are of opinion that the errors assigned are none of them sustainable, and that the decree of the court below should be affirmed.                                        *Decree affirmed.*