BENJAMIN F. G. LINNELL *vs.* ALEXANDER R. BATTEY *et al.*

A bill in equity to remove a cloud upon the title to realty and to vacate an execution levy can be maintained, although the execution sale, if perfected, cannot transfer the complainant's title.

A. recovered judgment against B. in an action begun by the attachment of B.'s interest in certain realty which B. had long before, for full valuable consideration, and by warranty deed, conveyed to C. A. levied his execution on the attached realty, and C. filed a bill in equity to vacate the levy and remove the cloud on the realty. On demurrer to the bill:

*Held,* that the bill could be maintained.

BILL IN EQUITY to remove a cloud on title to realty and for an injunction. On demurrer to the bill.

*February* 7, 1891. PER CURIAM. This is a bill in equity to enjoin an execution sale. It sets forth that August 17, 1888, the complainant purchased of Martin B. Arnold certain real estate, describing it, and received from Arnold a full warranty deed of the same, in fee simple, and on the same day went into possession thereof, and has ever since been, and now is, seized and possessed thereof in fee simple for his own use; that he paid for said real estate its full actual value, to wit, the sum of four thousand dollars, though the consideration expressed in the deed is only five hundred dollars. It further sets forth that May 14, A. D. 1889, the respondent, Battey, commenced an action against said Arnold and one Horton, as copartners, and caused the writ therein to be served, among other ways, by attaching all the right, title, and interest of said Arnold in said real estate, and afterwards recovered judgment in said action against said Arnold and Horton, and took out execution thereon; causing the same to be levied on all the right, title, and interest which the said Arnold had in said real

estate on May 14, 1889, at the time of the attachment thereof, and said right, title, and interest to be advertised for sale thereunder by the respondent, Thayer, as deputy sheriff. The bill asks that this levy may be dissolved and vacated, and that the respondents, Battey and Thayer, may be enjoined from making such sale, and that the cloud created by said levy on said estate may be removed.

The defendants demur to the bill, and in support of the demurrer contend that the bill does not state a case for equitable relief, on the ground that the execution sale, if allowed, will not cloud the complainant's title. They refer to Pomeroy's Equity Jurisprudence, § 1399, which states as follows, to wit: "Where the instrument or proceeding constituting the alleged cloud is absolutely void on its face, so that no extrinsic evidence is necessary to show its invalidity, . . . the court will not exercise its jurisdiction either to restrain or remove a cloud, for the assumed reason that there *is* no cloud." There are numerous cases, however, as the list of cases cited by the complainant shows, in which the rule thus stated has been either utterly ignored, or if recognized, disregarded. The reasons against it are forcibly stated by Pomeroy himself. "While this doctrine may be settled by the weight of authority," he says, "I must express the opinion that it often operates to produce a denial of justice. It leads to the strange scene, almost daily, in the courts, of defendants urging that the instruments under which they claim *are void, and therefore that they ought to be permitted* to stand unmolested; and of judges deciding that the court cannot interfere *because the deed or other instrument is void;* while from a business point of view, every intelligent person knows that the instrument is a serious injury to the plaintiff's title, greatly depreciating its market value, and the judge himself, who repeats the rule, would neither buy the property while thus affected, nor loan a dollar upon its security." It is the force of these reasons which has doubtless led many courts to grant relief by removing the alleged cloud in cases which fall within the rule as above stated. In *Kenyon* v. *Clarke,* 2 R. I. 67, decided in 1851, this court enjoined an execution sale, though the levy was defective and invalid upon its face. The ground of decision was thus stated by Brayton, J., who delivered the opinion: "Was the levy of the execution on the plaintiff's real estate void? If it was,

the only effect must be to bring the plaintiff's title into doubt and diminish the value of the estate to him; preventing that full dominion and power of disposal which every man is entitled fully to enjoy." The remark is as applicable to the case at bar as it was to the case in which it was made. We know of no Rhode Island case in which the authority of *Kenyon* v. *Clarke* has been denied or overruled. The case of *Greene* v. *Mumford*, 5 R. I. 472, which has been referred to, was a case in which the court refused to enjoin a sale of real estate for the collection of certain taxes assessed against the complainant, alleged to have been illegal and void. The injunction was refused, not because the taxes were void upon their face, but because it would be against public policy to embarrass in that way the collection of taxes, and because there was another remedy of which the complainant might avail himself. The case of *Sherman* v. *Leonard*, 10 R. I. 469, simply follows *Greene* v. *Mumford* as authority, the remarks of the court being directed to show that there were no special equities by which the former could be distinguished from the latter case. In this state of the authorities, we see no reason why we should not follow *Kenyon* v. *Clarke.* It seems to us that, as between the two lines of decision, the broader line rests upon the better reasons. The following are cases in which the cloud removed or prevented was created by execution sale either made or threatened: *Shattuck* v. *Carson*, 2 Cal. 588; *Hickman* v. *O'Neal*, 10 Cal. 292; *Pixley* v. *Huggins*, 15 Cal. 127; *Christie* v. *Hale*, 46 Ill. 117; *Key City Gas Light Co.* v. *Munsell*, 19 Iowa, 305; *Norton* v. *Beaver*, 5 Ohio, 178; *Bank of United States* v. *Schultz*, 2 Ohio, 471; *Pettis* v. *Shepherd*, 5 Paige, 493; *First Nat. Bank of Knightstown* v. *Deitch*, 83 Ind. 131, 133; *Grover* v. *Webber*, 72 Ill. 606; *Tibbetts* v. *Fore*, 70 Cal. 242.                     *Demurrer overruled.*

*James Tillinghast & Theodore F. Tillinghast*, for complainant.
*George J. West*, for respondents.