JAMES M. MALLETT *et al.*

*v.*

ALBERT H. KAEHLER.

*Filed at Ottawa March 24, 1892.*

1. NOTICE—*of rights in land by possession through a tenant.* Whatever is sufficient to put a party upon inquiry is notice of all facts which a pursuit of such inquiry would lead to. So possession of land through a tenant is notice that the possessor has some rights in the same.

2. At the time of a contract for the sale of lots 3 and 4 in a block, a trespasser was in the occupancy of a house on lot 5, adjoining lot 4, and had erected a barn on lot 5, which extended over some distance on lot 4. After the sale the purchaser saw the occupant and informed him of the purchase, and the latter then agreed to pay the purchaser ten dollars a year for the use of lots 3 and 4: *Held,* that the purchaser's possession through such tenant was notice to all the world of the purchaser's rights in the lots. The rule which limits a trespasser to the land actually occupied by him, in asserting rights under his possession, has no application in such a case.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

On the 1st day of February, 1886, Emma Jenkins, with her husband, Thomas Jenkins, entered into a contract in writing with appellee for the sale of lots 3 and 4, in block 5, in Stewart's subdivision, etc., except the right of way of "Vincennes road" across said lots. The purchase price was to be $300, $45 being paid in cash, and the balance to be paid, $100 in one year, $100 in two years, and the balance, $55, in three years. For these deferred payments appellee was to give his notes, secured by a trust deed on the lots when deeded to him. The contract was not to be recorded, and if the town of Lake ceased to use said Vincennes road, or if the right of way of the same reverted to Mrs. Jenkins, or if the said town should settle for said right of way by purchasing the whole of said lots, then the money paid was to be refunded,

and the contract cease to be binding on the parties. On the 16th day of February, 1889, Mrs. Jenkins again sold said lots (including the right of way of said road) to appellants for $1500, receiving $750 cash, and a note for the balance, secured by trust deed on the lots. She gave a warranty deed, "except as against the town of Lake." On the 11th of March, following, appellee filed this bill, making appellants and Mrs. Jenkins defendants, for a specific performance of the contract first above mentioned.

Appellants filed a cross-bill, praying that Mrs. Jenkins be enjoined from collecting or transferring said $750 note, and a restraining order issued accordingly. Mrs. Jenkins also filed a cross-bill, setting up in substance that her sale to appellants was, as she understood, a sale to them for the town of Lake, and with that understanding she had, shortly after said sale and deed, tendered back to appellee his money, with eight per cent interest, which he refused. She prayed that he be decreed to accept said tender; but if the deed by her to appellants should be a violation of her agreement with him, then appellants, upon her refunding to them the money paid her and surrendering said $750 note, be decreed to reconvey to her the right of way of said road. The case was heard on the bill, cross-bills, answers, replications and proofs, and a decree rendered according to the prayer of the original bill, setting aside the deed from Jenkins to appellants, ordering her to surrender up the $750 note, setting aside the trust deed executed to secure said note, ordering Jenkins to repay to appellants the $750 paid her by them, with interest, and they to reconvey to her the right of way to said road. Mrs. Jenkins abides by that decree, but appellants prosecute this appeal. The errors assigned question the correctness of the decree granting the prayer of the original bill.

Mr. N. M. JONES, for the appellant:

At the time of appellants' purchase the appellee was not in possession of lots 3 and 4. Schnipper was a mere squatter. Possession, to be valid, must be open, visible, notorious and actual. *City of Champaign* v. *McMurray,* 76 Ill. 353; *Railroad Co.* v. *Railroad Co.* 85 id. 211.

Possession under an unrecorded deed must be open, visible and exclusive. *Truesdale* v. *Ford,* 37 Ill. 210; *Hassett* v. *Ridgley,* 49 id. 197.

Possession by a squatter, as in this case, only covers the land actually occupied. Tiedeman on Real Prop. sec. 697; Tyler on Ejectment, 894; *Bristol* v. *Carroll County,* 95 Ill. 84.

Mr. JOHN C. RICHBERG, for the appellee:

The possession of Kaehler was actual, open and visible. It was not equivocal, occasional, or for a special or temporary purpose. *Redden* v. *Millller,* 95 Ill. 336; *Hatch* v. *Bigelow,* 39 id. 546; *Rupert* v. *Mark,* 15 id. 540; *Whitaker* v. *Miller,* 83 id. 381; *Coari* v. *Olsen,* 91 id. 273; *Tillotson* v. *Mitchell,* 111 id. 518.

He has no right to shut his eyes against the light before him. He does a wrong not to heed the signs and signals before him. It may be well concluded that he is avoiding notice of that which he in realty believes or knows. *Knapp* v. *Barley,* 79 Me. 195.

Whatever puts a party upon inquiry, amounts, in judgment of law, to notice, provided the inquiry becomes a duty, and would lead to the knowledge of the requisite. When there is that which should or would put a purchaser on inquiry, he is charged with all that the inquiry would have disclosed. *Cox* v. *Milner,* 23 Ill. 476; *Foster* v. *Stallworth,* 62 Ala. 547; *Walker* v. *Dement,* 42 Ill. 272; *Stokes* v. *Riley,* 121 id. 166; *Clever* v. *Sanborn,* 60 Mich. 346; *Williamson* v. *Brown,* 15 N. Y. 354; *Sergeant* v. *Ingersoll,* 15 Pa. 343; *Cook* v. *Garza,*

13 Texas, 431; *Maybin* v. *Kirby,* 4 Rich. Eq. 105; *Blaisdell* v. *Steven,* 16 Vt. 179; *Bacon* v. *O'Connor,* 25 Texas, 213.

Occupation of the tenant is notice of the rights of the person under whom he claims. *Dutton* v. *Warseborn,* 21 Col. 608; *Londees* v. *Bolton,* 26 id. 419; *Pittman* v. *Gaty,* 11 Ill. 20; *Haworth* v. *Taylor,* 108 id. 275; *Franz* v. *Orton,* 75 id. 100; *Whitaker* v. *Miller,* 83 id. 381; *Smith* v. *Jackson,* 76 id. 254.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

There can be no serious contention that on the case made by appellee he was, as against Mrs. Jenkins, entitled to the decree rendered. He had complied with the contract of February 1, 1886, on his part, and none of the conditions named in it which were to excuse her from executing the deed were shown to exist. The important point in the case, and the one relied upon to reverse the decree below, is, that appellants were innocent purchasers from Mrs. Jenkins, without notice of her previous contract with appellee. It appears from the evidence that at the time appellee made his contract, one Schnipper was living in a house situated on lot 5, adjoining said lot 4, and had erected a barn, which extended from said lot 5 over some distance on lot 4. He was a trespasser in his first occupancy, and supposed he was erecting both the house and barn on lot 4. Immediately after the execution of the contract between appellee and Mrs. Jenkins, the husband of the latter went with appellee to the lots and informed Schnipper of the sale, and he, Schnipper, then agreed to pay appellee $10 per year for the use of the two lots, which he continued to do yearly, until after the sale to appellants, when he was directed by them to pay no more.

It is well settled that whatever is sufficient to put a party upon inquiry is notice of all facts which a pursuit of such inquiry would lead to, and that possession of real estate is notice that the possessor has some rights in the same. There-

fore, when one purchases land in the possession of a third party, he is bound to take notice of whatever facts an inquiry as to the right of such possession would lead to. We said in *Whitaker* v. *Miller*, 83 Ill. 381, (and in substance in many other cases,) that "the possession of land by a party, through his tenants, is notice to all the world of his rights in the premises, and without inquiry of him no one can claim to be an innocent purchaser, as against him."

It is said, however, in this case there was no possession, within that rule,—especially it is insisted there was no occupancy of lot 3 which would serve the purpose of notice that any one other than Mrs. Jenkins claimed title thereto. The rule which limits a trespasser to the land actually occupied by him, in asserting rights under his possession, has no application here. After the consent of appellee that Schnipper might occupy the lots at a given rental, he became the tenant of appellee, who, by his purchase, became entitled to the possession. The agreement between appellee and Schnipper was for the use of both lots. They were included in the same contract between appellee and Mrs. Jenkins, and in the same deed to appellants. There is also evidence to the effect that Schnipper used lot 3 with lot 4, taking timber and grass from the same. We think there can be no doubt that the occupancy of lot 4 was such as to put appellants upon inquiry. What would that inquiry have led to? Certainly not merely that the tenant of appellee occupied only a part or all of lot 4, but also that he held possession of lot 3. That information would have made it their duty to pursue the inquiry to appellee, and there they would have learned of his contract with Mrs. Jenkins, not for lot 4 only, but also for lot 3. The evidence also shows that appellants both lived in the vicinity of the property, and visited it before their purchase. They seem to have known the location of the lots, and their situation as to each other. It is scarcely possible that they were wholly ignorant of Schnipper's possession, unless they desired to be

so. However, it is immaterial whether they had actual notice of the possession or not, if it was sufficient to put them upon inquiry.

We think the circuit court was justified by the evidence in finding that appellants were chargeable with notice of appellee's right in the property at the time they purchased. Even conceding that the evidence of notice is not entirely satisfactory, the decree below should be sustained on the ground that it does equity between all the parties. *Redden* v. *Miller*, 95 Ill. 336, citing *Moshier* v. *Knox College*, 32 id. 155; *Grover* v. *Hale et al.* 107 id. 638.

The decree of the circuit court will be affirmed.

*Decree affirmed.*