### ELLEN FEENEY v. JOHN RUEGER.

The Court of Common Pleas did not acquire jurisdiction to try *de novo* a case appealed from a District Court under the act approved February 11th, 1888 (*Pamph. L.*, *p.* 24), merely from the absence of a state of the case settled by the district judge.    Its jurisdiction to retry the

case only arose under that act upon the absence of a state of the case agreed on by the parties and its being made to appears that the district judge, being duly applied to, had failed to settle a case for the period limited in that act.

On *certiorari* to the Essex Common Pleas.

Argued at June Term, 1894, before Justices MAGIE and GARRISON.

For the prosecutor, *Howard W. Hayes.*

For the defendant, *Frank E. Bradner.*

The opinion of the court was delivered by

MAGIE, J.   It appears by the record returned that prosecutrix obtained a judgment against defendant in the First District Court of the city of Newark, and that defendant took an appeal therefrom, which was perfected by the approval and filing of an appeal bond on February 24th, 1892.

On December 14th, 1892, the Common Pleas ordered on the appeal for trial.   Prosecutrix moved to dismiss the appeal for want of prosecution, and the motion was denied.   For failure to move the case, prosecutrix was then nonsuited. The judgment of the District Court was reversed and the record remitted to that court, to the end that a judgment of nonsuit should be there entered.

Prosecutrix contends that the Common Pleas erred in the ruling and judgment above stated.

The appeal having been taken on February 24th, 1892, the act approved March 24th, 1892 (*Pamph. L., p.* 257), did not apply to it.   The power of the Common Pleas to deal with the appeal must depend on the laws applicable at the time it was taken.

Prior to 1888, the appeal to the Common Pleas from a District Court was wholly upon matters of law, and no power existed in the appellate court to retry the case.   *Dale* v. *See,* 22 *Vroom* 378, and cases cited.

Questions arising on appeal were presented by a state of the case agreed on by the parties, or, in case of their disagreement, settled by the district judge. Failure of the parties to agree cast upon the appellant the duty to have the case settled by the judge, and if he failed to present an agreed case or to apply to the judge for a settlement of the case, it was ground for dismissal of his appeal. *Loftus* v. *Freeholders*, 14 *Vroom* 357.

By an act approved February 11th, 1888 (*Pamph. L., p.* 24), it was enacted that whenever, upon any such appeal, the district judge should fail for any reason "to settle and sign the case, as required by law," within three months from judgment, the Common Pleas should try the case *de novo*.

In the case before us, it is obvious that the Common Pleas considered that it had power to try *de novo* the case presented by the appeal, and nonsuited prosecutrix because she did not present evidence and proceed with the trial.

The record shows no state of the case agreed on by the parties or settled by the district judge. In the absence of other proof, it would be presumed that appellant had either not applied to the other party to agree on a case, or, having sought an agreement unsuccessfully, had not applied to the judge to settle a case; for, upon such an application, the presumption would be that the judge would have performed his duty and settled a case.

The presumption does not stand alone in this case, for the record shows that the district judge, in response to rules of the Common Pleas, certified that he had not settled a case and had no recollection of ever having been requested to do so. This response requires the inference that he had not been requested to settle a case, for the presumption, as before stated, would be in favor of the performance of official duty on request.

There having been no state of the case before the Common Pleas, it was plainly their duty to dismiss the appeal unless the appellant showed a reasonable excuse for not presenting the state of the case, or unless the court had jurisdiction to try the case *de novo* under the act of 1888.

The Common Pleas evidently determined in favor of its jurisdiction to retry the case upon the absence of a state of the case settled by the district judge. But this determination rests on an erroneous construction of the act of 1888; for, by the terms of that act, its jurisdiction to retry the case depends, not on the mere failure of the district judge to settle the case, but on a failure to settle the case as required by law. By the District Court acts, the district judge is not required to settle a case until the parties have failed to agree on a case and he has been informed of the disagreement and requested to act. It follows that the Common Pleas would not acquire jurisdiction to try a case on appeal *de novo* until it appeared that no case could be agreed on by the parties and that the district judge had been regularly applied to, to settle the case, and had failed to do so for the period named in the act of 1888.

The construction given to the act of 1888 by the Common Pleas would confer jurisdiction on that court to try an appealed case *de novo* even where the parties had agreed upon a state of the case. This meaning could not be given without violence to the plain intent of the act, which was to furnish an appellant a way to dispose of his appeal speedily, and notwithstanding failure and delays on the part of the district judge.

As the facts necessary to authorize the Common Pleas to retry the case did not appear before that court, it was error for it to nonsuit prosecutrix for not bringing the case to trial. As defendant failed to present a case agreed on by the parties or settled by the district judge, or to show that the district judge had been duly applied to, to settle the case, and had failed to do so for three months from judgment rendered, it was clear that he had not properly prosecuted his appeal, and it should have been dismissed.

The result is that the judgment of the Common Pleas should be reversed, with costs, and the cause be remitted to that court, to the end that the appeal may be dismissed, in accordance with this opinion.