JEREMIAH VAN EMBURGH, PLAINTIFF IN ERROR, v. THE PATERSON AND STATE LINE TRACTION COMPANY, DEFENDANT IN ERROR.

Submitted March 22, 1904—Decided November 14, 1904.

The review, before a justice of the Supreme Court, of the award made by commissioners for land required, under the provisions of the Traction Companies act of 1893 (*Gen. Stat., p.* 3235), is "an appeal," within the meaning of section 9 of the Eminent Domain act of 1900 (*Pamph. L., p.* 79), for which the appeal provided by the later act is substituted.

On error to the Supreme Court.

For the plaintiff in error, *Cornelius Doremus.*

For the defendant in error, *Hobart Tuttle.*

The opinion of the court was delivered by

DIXON, J. The Eminent Domain act of 1900 (*Pamph. L., p.* 79), which according to its terms superseded existing regulations concerning proceedings in condemnation cases, provides that whenever any corporation shall determine to exercise its power of taking land for public use three commissioners shall be appointed to ascertain the compensation due to the landowner therefor, and that if either party be dissatisfied with the award made by the commissioners, then, "in those cases where an appeal has been or may be given by the

statute conferring the power to take land or property for public use," an appeal may be made to the Circuit Court of the county where the property is situate, and that court is authorized to ascertain by a jury trial the just compensation to be paid.

The Traction Companies act of 1893 (*Gen. Stat., p.* 3235), confers on corporations organized under it the power of taking land for public use, and provides for the appointment of commissioners to ascertain the compensation due for the land required, and then directs that when the commissioners have reported such compensation the corporation shall apply to a justice of the Supreme Court to appoint a time and place for hearing a motion to confirm said report, of which motion due notice is to be given to all parties interested. On such hearing objections duly presented must be considered by the justice, and thereupon he may confirm the report or send it back to the commissioners to be reformed, corrected or amended in such respects as he may deem equitable and just. When so confirmed, or reformed, corrected and amended, the award is final.

The question now to be decided is whether this proceeding before the justice of the Supreme Court is "an appeal," within the meaning of the Eminent Domain act.

In *Paterson and State Line Traction Co.* v. *De Gray, ante p.* 59, the Supreme Court decided that the meaning of the word "appeal" in that statute seemed to be settled by the accustomed use of the same term in similar legislation for many years, and that it described only such a proceeding as conferred upon the appellate tribunal the power of trying *de novo* by jury the whole question which had been submitted to the commissioners. The present defendant in error contends for the same interpretation on the same ground.

Undoubtedly the word is capable of a broader signification. In its general sense an appeal imports an application made to a higher tribunal for the revision and correction of the decision rendered by a lower tribunal. In this sense it is

used in many of our statutes, and often where there is neither trial *de novo* nor trial by jury.

The reason given for the narrow meaning ascribed to the word by the Supreme Court is a substantial one, but perhaps is not entitled to the force which on first blush it seems to have, for there are many statutes relating to the power of eminent domain which provide for correcting the award of commissioners by a jury trial *de novo,* but do not designate the proceeding for review on appeal. For example, the charters of the Delaware and Raritan Canal Company, the Camden and Amboy Railroad Company, the Elizabeth and Somerville Railroad Company, the charter of Trenton (*Pamph. L.* 1837, *p.* 366, § 24), the revised charter of Jersey City (*Pamph. L.* 1871, *p.* 1094, § 44), and several municipal statutes (*Gen. Stat., pp.* 2155, 2213, 2945, 3539, 3560), are of this character. Conversely, in the Road act (*Gen. Stat., p.* 2810), a review by chosen freeholders of an award made by surveyors for land taken or damaged is called an appeal. Thus it appears that even in this class of legislation the word has not been so uniformly appropriated to a review by jury trial as to render it incapable of a wider meaning.

The reasons for giving the term a larger scope in the Eminent Domain act seem to us more forcible.

In the first place, the statute is wholly remedial, and therefore it should receive as liberal an interpretation as its language will reasonably permit.

In the next place, the powers of commissioners to be exercised in the ascertainment of proper compensation are so limited that a construction of the statute which would render their award final should not be favored. They have no authority to compel the production of documents or the attendance of witnesses, or even to administer a legal oath to such witnesses as may voluntarily come before them. Powers of this nature are, in our ordinary tribunals, deemed essential to the ascertainment of truth.

Lastly, the proceeding before the justice of the Supreme Court under the Traction Companies act was evidently in-

tended to have the substantial elements of a trial *de novo.* He brings to the duty thus cast upon him all his official authority, and by its exercise, and after hearing the parties concerned, he must determine either to confirm the award made by the commissioners or to correct it in such respects as will render it in his judgment equitable and just. This obligation cannot be discharged without full consideration of the very question passed upon by the commissioners—the question, what will be due compensation for the property required?

Our conclusion is that the term "appeal," in the Eminent Domain act, includes any statutory proceeding by which an award made for property taken by condemnation may be reviewed by a different tribunal for the purpose of confirmation or alteration.

In the present case the defendant in error, by virtue of the power conferred by the Traction Companies act, instituted proceedings under the Eminent Domain act to condemn the plaintiff's land in Bergen county, and commissioners having reported an award of compensation to be paid for the land, the plaintiff appealed therefrom to the Bergen Circuit Court; but that court dismissed his appeal, holding that no right of appeal existed, and therefore the court had no jurisdiction.

For the reasons above stated we think this judgment was erroneous, and should be reversed.

Let the record be remitted to the Bergen Circuit for further proceedings according to law.

*For affirmance*—The Chief Justice, Fort.   2.

*For reversal*—The Chancellor, Dixon, Garrison, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray.   9.