Michael Hayes and Thomas Katan, Appellees, v. Thomas Carey, Jr., Margaret A. Carey and B. E. Richardson, Defendants. James Cleary, Appellant.

## Gen. No. 6,500.

1. NOTICE, § 37*—*right of judgment creditor to rely upon record of title to real estate.* A judgment creditor has the right to rely upon the record of title as to real estate, and upon what the records disclose concerning any interest therein, and, unless he has actual notice to the contrary, may act concerning the interest disclosed by the records, although the actual interest of the party be different.

2. NOTICE, § 4*—*when judgment creditor put upon inquiry as to whether payments have been made on contract for purchase of land.* Where a judgment creditor has notice from the record of a contract for the purchase of land that the vendor could forfeit at any time any interest acquired by the purchaser because of the failure to make the stipulated payments, he is put upon inquiry as to whether the payments have been made, and, if not made, as to the consequences that might ensue.

3. EXECUTION, § 169*—*when sale of land bought under contract*

*which has been forfeited will be set aside.* Where, at the time of the levy of execution by a judgment creditor upon land of the judgment debtor bought under contract, the debtor has no interest in the land because of a forfeiture and surrender of the contract, a levy and sale under the execution would merely constitute a cloud upon the title of the vendor, and the sale may be enjoined and the levy made canceled and annulled.

4. EXECUTION, § 181*—*when shown that contract for purchase of land was canceled before date of entry of judgment.* On a bill by the owner of land to cancel and set aside a levy of execution on the land as the property of a purchaser under contract, and to enjoin a sale under the execution, evidence *held* sufficient to show that the contract was canceled and surrendered before the time of entry of the judgment and the levy of the execution.

Appeal from the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the November term, 1917. Affirmed. Opinion filed April 9, 1918.

EDWARD D. SHURTLEFF and ERNEST C. LUTHER, for appellant.

McHENRY & DUSHER, for appellees; CHARLES B. HAZELHURST, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case a bill in equity was filed in the Circuit Court of Kane county by Michael Hayes and Thomas Katan to quiet their title to 416 acres of land in the Town of Rutland, in said county. It is alleged in the bill that they are seized in fee simple and in possession of the land referred to, which is described in the bill, and that they acquired the title to the same by the virtue of a warranty deed from Thomas W. Kennedy, which deed is of record in the recorder's office of said county; that on May 25, 1912, they entered into an agreement with Thomas Carey, Jr. and Margaret A. Carey, his wife, to convey the premises in question in fee simple to the parties named upon the condition that they would

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pay the sum of $7,491.70 on March 1, 1914; also, pay 5 per cent. interest semiannually, from March 1, 1912, on the whole sum of the purchase money remaining due and unpaid from time to time, and would pay all taxes and assessments levied against said land subsequent to the year 1911. That said agreement to purchase by said parties was recorded in the recorder's office of said county; that the parties purchasing said land, however, did not perform any of the agreements to pay the sums of money agreed upon to be paid by them, nor any part thereof, but neglected and refused to perform the same; that the said agreement mentioned also provided that in case of the failure of said purchasers to make the payments mentioned or any part thereof, or perform any of the covenants upon their part, that said contract could, at the option of said owners of the land, be considered as forfeited and determined, and that said owners should then have the right to re-enter and take possession of said premises, and that the time of payment should be considered the essence of said contract; that the said parties purchasing met with the owners mentioned on February 26, 1914, and that said contract was thereupon by mutual consent abandoned, and that the owners then leased said premises to said Thomas Carey, Jr., for one year from March 1, 1914, and that at the expiration of said lease, March 1, 1915, made another and different contract with said Thomas Carey, Jr., by which he agreed to manage the cultivation and proper tilling of said real estate for said owners; that inasmuch as said contract of purchase was recorded, and the said parties purchasing had made default and forfeited all equity and interest in said premises, the recorded contract constituted a cloud upon the title of said owners. The bill further alleges that on August 24, 1914, said Thomas Carey, Jr., made and delivered his promissory note for $2,495 to one James Cleary, which note was due and payable one year from the

date thereof, with interest at 7 per cent. per annum, and was payable to the order of said James Cleary; that the said note was not paid at maturity and that said James Cleary thereupon obtained a judgment on said note in the Circuit Court of Kane county on February 16, 1916, for the sum of $2,666.67; that said James Cleary then caused an execution to be issued on said judgment, directed to the sheriff of Kane county, and that on February 16, 1916, said sheriff caused a levy to be made on said land by virtue of said execution, and that the certificate of such levy was recorded in the recorder's office of said county, and that said sheriff pursuant to said levy was threatening to sell said property under and by virtue of said execution, and had the land advertised for sale at public auction, and that if the sheriff was permitted to proceed with said sale and file a certificate of purchase that it would greatly cloud and cast suspicion on the title of the owners of said premises. The bill prays that the contract for the sale of said premises and the certificate of levy, which are recorded, be declared null and void as a cloud upon the title of said owners, and be canceled and set aside, and that the sheriff be enjoined from making said sale under said levy and execution, and for general relief in the premises. The defendants in said bill, Thomas Carey, Jr. and Margaret A. Carey, waived service of process and entered their written appearance and afterwards were defaulted. The sheriff, B. E. Richardson, was also defaulted. The defendant, James Cleary, who is the appellant, filed an answer to which a replication was filed by the appellees. The cause, being at issue, was thereupon referred to the master in chancery to hear the evidence and report his conclusions of law and fact. The master made his report finding the facts as averred in the bill, and that the appellant, James Cleary, should be enjoined from enforcing his judgment and execution against said premises, and that said execution levy, and

certificate of levy, as well as said contract of purchase, should be removed as a cloud upon the title. Exceptions were filed to the findings of the master, which were overruled by the court, and the decree entered substantially in conformity with such findings, from which decree an appeal is prosecuted by the appellant, James Cleary.

The evidence taken by the master and reported with his conclusions substantiates the material facts averred in the bill of complaint, namely, that the appellees, Michael Hayes and Thomas Katan, became the owners in fee simple of the real estate in question on March 1, 1912, and that on May 25, 1912, Thomas Carey, Jr. and Margaret A. Carey, his wife, made a contract with said appellees to purchase said farm for $51,167.40; and that by the terms of this contract Carey and his wife agreed to pay said purchase price in instalments, and to pay 5 per cent. interest on the unpaid purchase price semiannually, and to pay all taxes, assessments and impositions, also insurance on said premises; that by the terms of said contract the first instalment of $7,491.70 was due and payable March 1, 1914, and semiannual interest due was also payable at that time; that the contract provided that if Carey and his wife failed to make the payments required by the contract that the appellees could at their option forfeit and determine the contract; that no payments of any kind had been made under said contract, but that on February 26, 1914, Carey and his wife acknowledged to appellees that they were unable to carry out their part of the contract, and unable to make the payments required thereby, and the contract of purchase was thereupon surrendered to the appellees; that then the appellees leased said farm to Carey under a written lease, for one year commencing March 1, 1914, and ending March 1, 1915; that at the expiration of this lease they made another arrangement with Carey by which he was employed on a salary to manage the farm in

question for the appellees, and was so employed for appellees on said premises at the time of the recovery of the judgment and the levy of the execution referred to. It is insisted by the appellant that because the contract which was entered into by Carey and his wife, with the appellees, was recorded, and inasmuch as he had no notice of the fact that said contract had been forfeited on account of the failure to make the payment therein stipulated, and no notice of the surrender of the agreement by the Careys, that therefore the appellant, as an execution creditor, had the right to levy and make a sale of the premises as if said contract as recorded were still in force and effect. We cannot accede to this proposition. It is true that a purchaser for value, or a judgment creditor, has a right to rely upon the record of the title, and upon what the records disclose concerning any interest in real estate, and that unless he has actual notice to the contrary may act concerning the interest disclosed by the records, although the actual interest of the party be different. *Thorpe v. Helmer*, 275 Ill. 90. In this case, however, the interest which Thomas Carey, Jr., had acquired in the premises by the contract was not different from that disclosed by the record; and from the record of the instrument as recorded the appellant had notice of the fact that Thomas Carey could forfeit any interest he might have acquired by the contract by failing to make the payments therein stipulated; and that unless he did make such payments, the appellees had the legal right to forfeit said contract at any time. He was therefore put upon inquiry as to whether such payments had been actually made, and, if not made, as to the consequences that might ensue. *Mallett v. Kaehler*, 141 Ill. 70. It was not incumbent on the appellees, when the Careys failed to make their payments and surrendered their contract, to give appellant notice of the fact, and the appellees lost none of their rights of ownership or title, because

no notice was given to appellant, of the forfeiture and surrender of said contract. At the time of the levy of the execution Carey had no interest in the premises which was subject to the levy of an execution, and a levy and sale under the execution would merely have had the effect of clouding the title of the appellees. It was proper to prevent this by injunction, and to cancel and annul the levy made. High on Injunctions, 155; *Groves v. Webber,* 72 Ill. 606; *Bennett v. McFadden,* 61 Ill. 334; *Christie v. Hale,* 46 Ill. 117.

It is argued by the appellant that the recorded Carey contract contains an indorsement to the effect that on March 5, 1915, $1,500 was received by appellees of Thomas Carey, Jr., to apply on interest, and that no explanation was made at the hearing of the case concerning the indorsement referred to, and that the court should have found from this circumstance alone that the Carey contract of purchase had not been forfeited, nor surrendered as claimed by appellees. The master and the chancellor no doubt took into consideration the matter suggested, in connection with the other evidence in the case, and were satisfied from all the evidence, which appears to be practically conclusive, that the contract had been canceled and surrendered before the time of the entry of the judgment and the levy of the execution, and we would not be justified in disturbing the findings of fact of the chancellor on this point under these circumstances. We find no error in the decree, and it is therefore affirmed.

*Affirmed.*