LESTER CHARLOCK, PETITIONER-DEFENDANT, v. M. W. KELLOGG COMPANY, RESPONDENT-PROSECUTOR.

Decided March 2, 1926.

**Workmen's Compensation—Case Dismissed by Bureau, but Upon Appeal, Common Pleas Held Accident Occurred in Course of Employment—Prosecutor Here Contends That Common Pleas Erred in Not Treating as Conclusive the Determination of the Bureau, and That Findings of the Common Pleas are Not Supported—Held, That the Common Pleas Hears the Case De Novo and That the Supreme Court Will Not Interfere With the Common Pleas' Finding of Fact if There is Evidence to Support it.**

On writ of *certiorari*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the respondent-prosecutor, *Kellogg & Chance.*

For the petitioner-defendant, *Lazarus, Brenner & Vickers* (*George T. Vickers,* of counsel).

This case is before us upon a writ of *certiorari.* The writ brings up the record of the Hudson County Court of Common Pleas in a workmen's compensation case. Lester Charlock, a boy of eighteen years of age, was, on March 15th, 1924, in the employ of the M. W. Kellogg Company at their plant in the city of Jersey City. On that day he lost a leg by having it caught in a rope attached to a winch, which at the time he was operating. The accident is admitted. The case was first heard before a deputy commissioner of the workmen's compensation bureau. The deputy commissioner found against the petitioner upon the ground that he had not sustained the burden of proof cast upon him to show that the accident arose out of and in the course of his employment. The petition was dismissed. An appeal was then taken to the Hudson County Court of Common Pleas. The case was heard *de novo* under the statute on the proofs taken before the deputy commissioner. The Court of Common Pleas made a finding of fact to the effect that the petitioner's injury arose out of and in the course of his employment. Compensation and counsel fees were awarded. The M. W. Kellogg Company then applied for and was allowed the writ of *certiorari* under which the record is brought to this court for review.

The prosecutor makes three contentions. These are—*first,* that the Court of Common Pleas erred in not treating as conclusive and binding the findings and determinations of the workmen's compensation bureau, which were supported by legal evidence; *second,* that the conclustion stated by the Court of Common Pleas in the "finding of facts and determination" is not supported by the specific finding of such facts as may be submitted to and considered by the court of review, as justifying such conclusion; and, *third,* that the evidence does not support a finding of fact sufficient to justify

the conclusion that the petitioner's accident arose out of and in the course of his employment.

We find no merit in the first point. The act, by its terms, contemplates a review of the evidence by the Court of Common Pleas. The act of 1918 (*Pamph. L., p.* 429) grants a trial *de novo* in the Court of Common Pleas to the party appealing. The 1921 amendment of the act (*Pamph. L., p.* 734) directs that the trial of such appeal shall be exclusively upon the transcript and testimony taken before the workmen's compensation bureau, and that the judge of the Court of Common Pleas shall, in a summary manner, decide the merits of the controversy, and that the judgment of that court on such appeal shall be conclusive and binding. The only difference between the act of 1918, as amended by the act of 1921, is that prior to the 1921 amendment the judge of the Court of Common Pleas heard the case *de novo,* that is, he heard the evidence anew. After the act of 1921 only the evidence taken before the workmen's compensation bureau was to be. used upon an appeal. The difference in method provided by the 1921 amendment did not in any way alter the provision that the trial was to be a *de novo* trial. The appeal provides a new mind for the consideration of the testimony adduced. It was not intended by the legislation referred to that the Court of Common Pleas upon the appeal should be limited merely to questions of law as it would be if the contention of the prosecutor is well founded.

We likewise think the second point advanced by the prosecutor is not well taken. The finding of fact was sufficient if the final conclusion reached by the judge of the Court of Common Pleas is justified.

After a review of the evidence we have reached the conclusion that there is in the record evidence sufficient to justify the finding of the Court of Common Pleas that the claimant received his injury as the result of an accident arising out of and in the course of his employment.

The petitioner, Charlock, was a general laborer or helper in the shops of the prosecutor. The prosecutor had four shops in its plant. When the petitioner was injured he was

operating the winch which was located in shop No. 3. This winch was driven by steam. There was attached to it a steel cable which pulled a truck back and forth through the shops. The particular work of the petitioner immediately prior to the accident was that of pickling pipe. This consisted of cleaning off the pipe in tanks provided for that purpose. The tanks were located at the end of the line where the truck operated by the winch stopped. The winch was used to operate the truck when it was carrying pipe to and from the pickling place. The petitioner had operated the winch a number of times. He had been told to operate it by a student, which was the name applied to one learning the trade. The gang foreman also had told him to operate the winch. On one occasion the foreman had directed him to operate the winch and bring a welding machine from one shop to another. On the day of the accident the petitioner had ceased his regular work. He had gone to the general foreman's office, located in shop No. 1. He had there received orders to go back and start the new order of pipes. On his way back he stopped in shop No. 3, where the winch was located. He started the machine in operation. The regular operator, who was a man by the name of Kunkle, was not there. The accident then occurred in the manner stated. The petitioner was questioned by the deputy commissioner. The petitioner, in answer to these questions, said that he had operated the machine about two weeks after he had commenced to work in the prosecutor's plant. He did this at the instance of one of the students. Duggan, the foreman, had also asked him to operate the winch. Duggan was his gang foreman. In answer to why he had started the machine on the day of the accident he stated that he was helping a man who usually operated it. He said that it was the custom for employes to help one another. This custom was known to Duggan. Duggan had been present when the petitioner and Henry (another employe) or Kunkel would relieve each other. The petitioner further testified that he had been paid overtime for work on the winch.

From this testimony it can be gathered that while the petitioner's particular work was that of cleaning pipe, yet his work was not limited to that, and it was so understood by his employer through its foreman. We think the testimony justifies an inference that the winch would sometimes be operated by a helper, who would facilitate Kunkel's work by so doing; that the petitioner was at times such an assistant; that this was done with the knowledge of his superiors; that it was not forbidden; that on one or more occasions he had been directed to do this work, and that through the plant there was more or less an interchange of work. From this testimony it was a question of fact for determination whether from this state of facts there was sufficient evidence to justify the finding that the work which he was doing at the time of his injury was a part of his employment. The judge of the Court of Common Pleas found from this testimony that the operation of the winch was a part of the petitioner's employment. It follows that the petitioner was then injured in an accident arising out of and in the course of his employment. A finding of fact by a Common Pleas judge in a workmen's compensation case is conclusive upon this court if there is any evidence to support it. *Pfund* v. *Kauffeld,* 97 *N. J. L.* 335; *Lunday* v. *Brown & Co.,* 93 *Id.* 107. We think in the present case there was evidence to support this finding of fact. This leads us to an affirmance of the judgment of the Hudson County Court of Common Pleas. The judgment is accordingly affirmed.