WALTER T. SWEIGARD, PETITIONER, v. EMERSON L. RICHARDS ET AL., RECEIVERS, ETC., PROSECUTORS-RESPONDENTS.

Submitted May 4, 1937—Decided July 12, 1937.

Before BROGAN, CHIEF JUSTICE, and Justice PARKER.

For the prosecutors, *Daniel De Brier.*

For the petitioner, *Robert N. McAllister.*

The opinion of the court was delivereded by

PARKER, J. This is a rule to show cause why a writ of *certiorari* should not go to review an award by the judge of the Atlantic Court of Common Pleas affirming a similar award for petitioner in a workmen's compensation case. There were two principal defenses set up: first, that petitioner was not an employe but an independent contractor; and secondly, that if he was an employe the employment was merely casual and so the admitted accident, which occurred while he was at work, was not compensable under the statute. The deputy commissioner considered the first point in detail, and decided that petitioner was an employe. As to the other branch of the case he said: "In my judgment the fact as brought out that there was no engagement for a definite length of time or for any other service than the work being performed on this particular refrigerator has no bearing on the question."

For the purposes of this rule it is unnecessary to recapitulate the evidence in any detail. Suffice it to say that as we read it, there was a dispute both of fact and law, as to whether the petitioner was an independent contractor, engaged for the sole and specific purpose of repairing a refrigerator which had broken down, without control as to work or methods by any member of the regular staff of the hotel in which the refrigerator was located; and also as to the matter of casual employment, the hiring being that of an outside mechanic to do the one job and then leave. Petitioner testified that he had done similar work for the hotel at times over eight or ten years; but the question whether the employment was casual or not was a question to be decided on the evidence. See the similar case of *La Terre* v. *Skillman, 7 N. J. Mis. R.* 766.

The appeal was before the judge of the Common Pleas, to be decided exclusively on the transcript of the record and testimony. *Pamph. L.* 1921, *p.* 731 (at *p.* 735); *Pamph. L.* 1931, *ch.* 280 (at foot of *p.* 709); *Pamph. L.* 1932, *ch.* 25 (at *p.* 39). The hearing of the appeal is a trial *de novo,* "providing a new mind for the consideration of the testimony adduced." *Charlock* v. *M. W. Kellogg Co.,* 4 *N. J. Mis. R.* 260; 132 *Atl. Rep.* 297; *New York Poultry Co.* v. *Schwartz,* 5 *N. J. Mis. R.* 178; 135 *Atl. Rep.* 775. The case of *Lundy* v. *George Brown & Co.,* 93 *N. J. L.* 469, cited by the Common Pleas judge in deciding the present case, is no authority for his holding that "where there is testimony to support a finding of fact, such finding will not be disturbed by this court" (*i. e.,* the Pleas), first, because the Lundy case was heard by the judge of the Pleas as a court of first instance under the original Compensation act of 1911; and secondly, the claim of the prosecutor in that case on *certiorari* was that there was no evidence at all that the death resulted from the accident.

If a writ had been allowed in this cause, and if the record and transcript were before us in their present shape, the judgment of the Pleas would be set aside as based on an erroneous rule of law as regards the evidence, with a remand

to that court to determine the issues of fact on all the evidence and according to its weight. But this is merely a rule to show cause. As a practical matter, the record, which is not removed by the rule but still remains in the Pleas, should be reconsidered there, and the cause determined according to the rules applicable to a trial *de novo* on appeal. This can probably be done while the present rule is continued; and if the second determination should also be in favor of the petitioner, and be laid before this court, a writ will be allowed and the whole matter will be considered on its merits.