ORTENZIO CINO AND THOMAS MASSINA, TRADING AS "T"
BAR AND GRILL, PROSECUTORS, v. ALFRED E. DRIS-
COLL, COMMISSIONER OF THE STATE DEPARTMENT
OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE
OF NEW JERSEY, RESPONDENT.

Argued May 5, 1943—Decided September 27, 1943.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutors, *Harold Simandl.*

For the respondent, *Clarence Kremer.*

The opinion of the court was delivered by

PERSKIE, J.   This case presents for review prosecutors' challenge of the affirmance, by the State Commissioner of Alcoholic Beverage Control, of the temporary suspension of their plenary retail consumption license to sell alcoholic beverages. *N. J. S. A. 33* :1–31.

The basic question for decision is whether the Commissioner (*N. J. S. A. 33* :1–3) in the discharge of his duty "to hear and conduct" and "to render a decision" on prosecutor's appeal (*N. J. S. A. 33* :1–38) was obliged, as urged, to hear the testimony *de novo,* or whether he could legally use, as he did, a verified transcript of the testimony upon which the local issuing authority based the challenged temporary suspension.

Prosecutors are the holders of a plenary retail consumption license to sell alcoholic beverages on their premises at 257 Market Street, Newark, New Jersey. *N. J. S. A. 33* :1–12. They were tried and convicted by the Municipal Board of Alcoholic Beverage Control, hereafter referred to as Newark Board, on a complaint which, among other things, charged that, on August 4th, 1942, prosecutors did sell for consumption on their licensed premises, alcoholic beverages to Leonard Zaleski and John Joseph Makowski, minors, in violation of Rule No. 1, of Regulations No. 20, of the Department of Alcoholic Beverage Control, adopted in 1933 and prohibiting the sale and consumption of alcoholic beverages on licensed premises "to any person under the age of twenty-one years," and also in violation of *N. J. S. A. 33* :1–77, as amended and approved in 1939 and providing, subject to defenses not here raised, that "any person who sells alcoholic beverage to a minor shall be guilty of a misdemeanor." The Newark Board suspended prosecutors' license for twenty-five days.

In due season and in accordance with the regulations for appeals prescribed by the Alcoholic Beverage Control, prose-

cutors appealed to the Commissioner who continued the statutory stay of their suspension. *N. J. S. A.* 33 :1–31.

In their petition of appeal, prosecutors alleged, among other things, that the action of the Newark Board was erroneous in that it "was contrary to the weight of the evidence." Be that as it may, it is clear that prosecutors did not agree to present their appeal to the Commissioner either upon an agreed statement of facts or upon an available stenographic transcript of the proceedings before the Newark Board. Rule 8 of Regulations No. 14.

Concededly, the Commissioner did not take testimony *de novo* on the merits of the charges. Without notice to counsel for prosecutors, the Commissioner, in pursuance of Rule 14 of Regulations No. 14, "relaxed or dispensed" his rules for this appeal (*Cf. Ogden* v. *Robertson,* 15 *N. J. L.* 124, 126, as to the suggested impropriety for so doing) and, over objection, he used the testimony given by the minors at the hearing before the Newark Board. This testimony admittedly formed the basis for the suspension by the Newark Board. Additionally, and over further objections, the Commissioner used police teletype messages as to the whereabouts of the minors and also used *ex parte* affidavits of the minors which had been admitted for prosecutors for the limited purpose of identifying signatures thereto. On the proofs so used, the Commissioner affirmed the action of the Newark Board. Thereafter, on application, he continued the stay of the suspension pending application for a writ of *certiorari* which was granted with a continuance of the stay.

We think that the Commissioner fell into reversible error.

1. The meaning of the word "appeal" in its "original and strictly technical sense" was a proceeding which was introduced into equity practice from the "civil law" and "by which the whole cause was removed from a lower to an appellate court" and was there tried *"de novo"* upon evidence newly introduced. To-day, it may be "similarly" used in law cases. It has become "a term of general application in the law." It is a term which has "various meanings in different jurisdictions and circumstances." Its meaning

depends upon the "statutory provisions relating to appellate procedure and the different senses in which the word 'appeal' is used therein." *Cf.* 4 *C. J. S. Appeal and Error* 79, § 17; 3 *C. J.* 314, § 28.

The asserted obligation on the part of the Commissioner to have taken testimony *de novo* must therefore be found in the statute, *i. e.,* the Alcoholic Beverage Law (*N. J. S. A.* 33 :1–1, *et seq.*), or it does not exist. *Cf.* 5 *C. J. S. Appeal and Error* 246, § 1525; 4 *C. J.* 726, § 2646; *Valentino* v. *Bird,* 57 *N. J. L.* 538; 21 *Atl. Rep.* 606; *Feeney* v. *Rueger,* 57 *N. J. L.* 356; 31 *Atl. Rep.* 217. True, this statute does not expressly provide that the hearing of the appeal by the Commissioner shall be a hearing on testimony *de novo,* nor does it expressly provide that the hearing of the appeal by the Commissioner shall be, for example, as it is on appeal from the Bureau to the Pleas under our Workmen's Compensation Act (*Pamph. L.* 1921, *ch.* 229, *pp.* 731, 734, 735), a trial *de novo* merely in the sense of "providing a new mind for the consideration of the testimony adduced." *Cf. Charlock* v. *M. W. Kellogg Co.,* 4 *N. J. Mis. R.* 260; 132 *Atl. Rep.* 297; *Sweigard* v. *Richards,* 118 *N. J. L.* 394; 193 *Atl. Rep.* 188; *Calicchio* v. *Jersey City Stock Yards Co.,* 125 *N. J. L.* 112, 116; 14 *Atl. Rep.* (*2d*) 465. But it is also true that a statute "often speaks as plainly by inference, and by means of the purpose that underlies it, as in any other manner." And "that which is clearly implied is as much a part of the law as that which is expressed." *Cf. Brandon* v. *Montclair,* 124 *N. J. L.* 135; 11 *Atl. Rep.* (*2d*) 304; *affirmed,* 125 *N. J. L.* 367; 15 *Atl. Rep.* (*2d*) 598; *Kobylarz* v. *Mercer,* 130 *N. J. L.* 44, 52; 31 *Atl. Rep.* (*2d*) 208.

A reading of our Alcoholic Beverage Law discloses that our legislature vested plenary, original and appellate power in the Commissioner "to supervise," *inter alia,* the sale of alcoholic beverages in such a manner as "to promote temperance and eliminate the racketeer and bootlegger." *N. J. S. A.* 33 :1–3.

For enumerated causes, the Commissioner may, on hearing and notice, suspend or revoke any license whether issued by

him or by any other issuing authority. *N. J. S. A.* 33:1–31. In such a proceeding, as in every other proceeding authorized by the statute, or appropriate for its enforcement (*N. J. S. A.* 33:1–35), the Commissioner "may examine, under oath, any and all persons whatsoever," compel by "subpœna the attendance of witnesses," and "production of books, records," &c. Such powers are, "in our ordinary tribunals deemed essential to the ascertainment of truth." *Cf. Van Emburgh* v. *Paterson, &c., Trenton Co.,* 70 *N. J. L.* 668, 670; 59 *Atl. Rep.* 461. The Commissioner is given the power "to establish procedure and rules" relating to appeals. *N. J. S. A.* 33:1–38. These and other powers vested in the Commissioner by the statute clearly bespeak the legislative mind to concentrate the responsibility of attaining the expressed objectives of the statute in one of its own choosing. It is the duty of the Commissioner to hear, conduct and decide appeals. We construe that duty, in the circumstances exhibited, to mean that the Commissioner is obliged to conduct a hearing on testimony *de novo* as if that obligation had been expressly stated in the statute. That this is so finds persuasive expression in the rules of the Department of Alcoholic Beverage Control pertaining to appeals, heard, conducted and decided by the Commissioner.

We are told and this is not denied that these rules, presently in force, were promulgated by the first Commissioner who was elected by a joint session of the legislature contemporaneously with the creation of the Department of Alcoholic Control. *Pamph. L.* 1933, *ch.* 436, *p.* 1183, now *N. J. S. A.* 33:1–3. The following are some of the applicable rules:

### "*Regulations No.* 14. *Appeals.*

"6. All appeals shall be heard *de novo,* and the parties may introduce oral testimony and documentary evidence, but the burden of establishing that the action of the respondent issuing authority was erroneous and should be reversed, shall rest with the appellant."

"8. Where none of the material facts is disputed, or where there is available a stenographic transcript of the proceed-

ings before the issuing authority, the parties may agree to present the appeal upon an agreed statement of facts or upon such stenographic transcript. Subject to the approval of the Commissioner, the agreed statement of facts or the stenographic transcript may be filed with the Commissioner at any time prior to the time fixed for the hearing of the appeal, in lieu of a hearing of the appeal."

"14. The rules herein contained shall be considered as general rules governing the conduct of appeals, and since they are designed to facilitate the hearing of appeals and advance justice, they may be relaxed or dispensed with by the Commissioner in any case where a strict adherence to them will result in injustice."

It is not a good answer to say, as it is said for the Commissioner, that the "purpose" of rule 6, *supra,* was "to hear testimony anew only where the possibilities for taking testimony before some of the municipal boards were not available so that a proper record could be prepared" and since here there was a proper record of the "entire proceedings before the issuing authority" there was no need for the taking of the testimony *de novo.* That answer begs the question. The Commissioner either did or did not have the power to promulgate the stated rules. We hold that he did have the power. *N. J. S. A.* 33:1–38, 33:1–39. And having exercised that power these rules have the force and effect of law. *Cf. Franklin Stores Co.* v. *Burnett,* 120 *N. J. L.* 596; 1 *Atl. Rep.* (*2d*) 25; *Gaine* v. *Burnett,* 122 *N. J. L.* 39; 4 *Atl. Rep.* (*2d*) 37; *affirmed,* 123 *N. J. L.* 317; 8 *Atl. Rep.* (*2d*) 604; *Grant Lunch Corp.* v. *Driscoll,* 129 *N. J. L.* 408, 410; 29 *Atl. Rep.* (*2d*) 888; *affirmed,* 130 *N. J. L.* 554; *State* v. *Elliott,* 129 *Id.* 169, 170; 28 *Atl. Rep.* (*2d*) 597.

Moreover, the legislature charged with the knowledge of the construction placed upon the Alcoholic Beverage Law, as evidenced by these rules, has done nothing to indicate its disapproval thereof. *Cf. Young* v. *Civil Service Commissioner,* 127 *N. J. L.* 329; 22 *Atl. Rep.* (*2d*) 523. The contemporaneous construction thus given to a law of the state for

over a decade is necessarily respected by us. *State* v. *Kelsey,*
44 *N. J. L.* 1; *Graves* v. *State,* 45 *Id.* 203; *affirmed, Id.*
347; *Central Railroad Co.* v. *Martin,* 114 *Id.* 69, 80; 175
*Atl. Rep.* 637; *Burlington County* v. *Martin,* 128 *N. J. L.*
203; 28 *Atl. Rep.* (2d) 116; *Martini* v. *Civil Service Com-
mission,* 129 *N. J. L.* 599, 603; 30 *Atl. Rep.* (2d) 569.

2. No proper foundation was otherwise laid for the use of
the testimony of the minors before the Newark Board. There
is no suggestion that the minors were dead. *N. J. S. A.*
2:97–15. The Commissioner used *Exhibits R-3* and *R-4.*
*Exhibit R-3* is a teletype message sent by the Newark police
department to the State Police of Dickson City, Pennsylvania,
asking the latter to check and ascertain if the minors were
at their alleged home in Dickson City. *Exhibit R-4* was a
teletype reply message stating that Makowski was in the
United States Army and that Zaleski was unknown in the
city and no such street as named (wrong name of street was
given) was located in the City of Dickson. These messages
were hearsay. Their use was clearly improper. The justi-
fication for the use of testimony given at a former trial was
not established. See *Berney* v. *Mitchell,* 34 *N. J. L.* 337,
341; *New York, Lake Erie and Western Railroad Co.* v.
*Haring,* 47 *Id.* 137, 139.

3. The affidavits of the minors, as already observed, were
offered for a limited purpose. While it is true that by these
affidavits each minor cast grave doubt upon his former iden-
tification of prosecutors' place of business and of their bar-
tender who allegedly sold them the liquor as charged, it is
also true that prosecutors were entitled, as a matter of right,
on this sharply disputed issue, "to the ordinary and reason-
able opportunity of the cross-examination" of the minors.
*Prout* v. *Bernards Land and Sand Co.,* 77 *N. J. L.* 719; 73
*Atl. Rep.* 486; 25 *L. R. A.* (*N. S.*) 683; *Test* v. *Test,* 131
*N. J. Eq.* 197; 24 *Atl. Rep.* (2d) 226.

4. Neither prosecutors' tenuous legal status as licensees to
sell alcoholic beverages (*Meehan* v. *Excise Commission,* 73
*N. J. L.* 382, 386; 64 *Atl. Rep.* 689; *affirmed, 75 N. J. L.*
557; 70 *Atl. Rep.* 363; *Franklin Stores Co.* v. *Burnett, supra*

(at *p.* 598); *Grant Lunch Corp.* v. *Driscoll, supra* (at *p.* 410)), nor the character of the proceeding, be it *quasi*-judicial (*Balling* v. *Elizabeth,* 79 *N. J. L.* 197, 199; 74 *Atl. Rep.* 277), or administrative (*Morgan* v. *United States,* 298 *U. S.* 468; 80 *L. Ed.* 1288; *Morgan* v. *United States,* 304 *U. S.* 1; 82 *L. Ed.* 1129), could operate to deprive the prosecutors from a hearing of their appeal under the Alcoholic Beverage Law in accordance with the fundamental judicial requirements of "fair play." *Cf. Redcay* v. *Board of Education,* 128 *N. J. L.* 281, 284; 25 *Atl. Rep.* (2*d*) 632.

Without the improper use of the stated proofs, there was no other competent proof necessary to support the result reached by the Commissioner. *Cf. Friese* v. *Nagle Packing Co.,* 110 *N. J. L.* 588; 166 *Atl. Rep.* 307.

The order of the Commissioner affirming the suspension is reversed. The cause is remanded to the Commissioner who shall hear the appeal consistently with this opinion. No costs are allowed.