# Gainer, *et al. v.* Jones.

### *Bill for Specific Performance.*

(Decided April 11, 1912. 58 South. 288.)

1. *Equity; Interlocutory Decree; Modification.*—A decree directing the Register as to the manner of taking an account is interlocutory, and subject to modification on further consideration of the case.

2. *Same; Final Decree; Review on Appeal; Scope.*—A decree finding the existence of a contract to convey under which the purchaser is entitled to specific performance, is such a final decree as could not be altered or charged by the chancellor after the expiration of term of court at which it was rendered, and one on which no assignment of errors could be based or considered, or an appeal taken after the time for an appeal from a final decree.

3. *Vendor and Purchaser; Contract to Convey; Price.*—A contract to pay $1 per acre for land, with a credit of amounts due from the vendor to the vendee on an independent account, did not require the vendee to pay balances found against him on the account as part of the purchase price in addition to the acreage price.

4. *Specific Performance; Right to Relief; Enhanced Values.*—The right to specific performance of a contract to convey is not lost by delay in enforcing it, and enhancement of the land's value in the meantime, if the vendor was as much responsible for the delay as the purchaser.

5. *Mortgages; Vendor and Purchaser; Innocent Purchaser.*—Subsequent mortgagors and purchasers were charged with notice of the rights of the contract purchaser where he was in possession of land which he cultivated, and on which he maintained a home, and from which he cut timber.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Henry Jones against W. H. Gainer and others for specific performance. Decree for complainant, and respondents appeal. Affirmed.

[Gainer, et al. v. Jones.]

The decree of October 21, 1909, referred to in the opinion, is as follows: "Upon consideration, the court is of the opinion that complainant is entitled to the relief he seeks, and that a reference is necessary to be held. It is therefore ordered, adjudged, and decreed that complainant is entitled to relief. It is further ordered that the register of this court hold a reference in this cause at such time as suits his convenience, and of which he will give due notice to the parties to this cause, and state an account between complainant and W. H. Gainer & Co., and W. H. Gainer & Bro., and ascertain and report to the court what balance is due by complainant to W. H. Gainer & Co., or W. H. Gainer & Bro., or both of said firms, under said contract, showing whatever payments had been made by complainant to which he is entitled to credit on the contract, and what is due by complainant to said firms, or either of them, what said balance is, the amount of said balance, at the date of his said report. He will calculate interest according to the rule of partial payment as prescribed by law. The register may use on said reference any testimony which has been taken in this cause, together with such other evidence as may be offered by either party. The register will make his report to this court at the term following the holding of said reference. All other matters are reserved."

The decree of May 18th, referred to in the opinion, is as follows: "In the former decree in this cause it was adjudged and decreed that complainant was entitled to relief. Upon the reading of this decree, it appears to be a final decree, in so far as settling the equity of complainant and his right to relief, and it may be seriously doubted as to whether or not this could now be altered in that respect. I have taken occasion, however, to carefully review this decree, and all the evi-

dence in this cause, and am still convinced that the complainant had made out his case, entitling him to specific performance.    In the former decree, I stated as my opinion that complainant should be required to pay whatever amount he was due by account to Gainer & Co. as a condition precedent to relief.    Looking to this end, a reference to the register was ordered for ascertainment of such amount.    Upon this submission, counsel for complainant urges that such condition is beyond the contract, and in effect seeks a review of that conclusion, and a reversal of the position I then took.    It is insisted that the purchase price was fixed at $1 per acre, and that to require the payment of the store account would be to increase the purchase price just that much, and that the agreement to credit complainant on purchase price on which balance might be found to be due him on monthly settlements was a mere manner of payment for convenience of the parties, but that the purchase price remained the same, $1 per acre.    Complainant cannot be compelled, as a condition to obtaining specific performance to discharge a claim against him growing out of an entirely distinct action, or not connected with the subject-matter of the suit.—36 Cyc. 755; *Knight v. Luke,* 69 Ala. 423; *Pulliam v. Owen,* 25 Ala. 492; *Sims v. McEwen's Adm'r,* 27 Ala. 184; *Byrd v. Odem,* 9 Ala. 755.    There is no evidence that this condition was a part of the contract of sale between the parties.    Upon a careful consideration of this phase of the case, I have become convinced that I was in error expressed in the former decree, and in ordering such a reference.    My conclusion upon the former submission was that complainant was discharged without cause, as expressed by me at the time.    In addition, respondent Gainer does not seem to have continued in the milling business there for a very great while after

complainant quit the service. Upon the whole evidence, it cannot be said that complainant, without cause, quit the service. It cannot be said that complainant placed himself in such a position to continue to work out the purchase price in the manner agreed. If correct in this case, then clearly he would be entitled to his conveyance upon the payment of the balance due on the purchase price. By requiring him to pay the store account in addition, part of which seems to have begun some time before the land trade was made, would, I am convinced, be adding that to the contract which the parties had not put into it, and this I have no right to do. If respondents placed themselves in such position, or placed complainant in such position, that he could not continue in the service, making the payment by way of credit for any balance found due him, then it seems to me the balance in money of the purchase price suffices to meet the contract of the parties. Others seem to have paid taxes on the land. The register has not reported this amount of taxes paid. The taxes should be required to be paid by complainant. It is therefore ordered that the register hold a reference in this cause, and ascertain what is the balance due by complainant on the purchase price of the land as shown by the evidence in this cause. He will give complainant credit for any payments or credit to which he is entitled by way of any balance found due the complainant on any monthly settlement with W. H. Gainer & Co., or W. H. Gainer & Bro., or otherwise, and calculate interest on such balance found to be due by complainant to date of his report at the rate of 8 per cent. per annum. He will also ascertain the amount of taxes paid by the respondents Gainer, or their vendee, and any of the respondents of said cause, and calculate interest on the same at the legal rate. He will use on said reference

any evidence heretofore taken in this cause in any manner, and any other evidence either of the parties desire to introduce on said reference, and will make his report on the first day of the next term of this court."

W. O. MULKEY, for appellant. Where a suit is filed for a specific performance of parol contract respecting land the complainant's case must be clearly made out in harmonious pleading and proof.—*Westbrook v. Hays,* 137 Ala. 472; *Allen v. Young,* 88 Ala. 340; *Brown v. Weaver,* 113 Ala. 228; *Wisenant v. Gordon,* 101 Ala. 250; *I. A. P. Co. v. W. H. T. Co.,* 83 Ala. 498; *Daniels v. Collins,* 58 Ala. 625. In cases of this character an absolute correspondence is required, not only between every essential averment, and the proof, but also between every redundant, superfluous averment with respect to a material fact, or descriptive of a matter or thing necessary to be alleged.—*Jones v. Mahone,* 157 Ala. 105; *McDonald v. Walker,* 95 Ala. 172; *Allen v. Young,* 88 Ala. 238; *Johnson v. Jones,* 85 Ala. 286; *Ellerbe v. Ellerbe,* 42 Ala. 624. The fact that the property has largely increased in value during the purchaser's delay is prejudicial to the vendor, and fatal to the purchaser, and this is especially true where the delay is speculative.—*Goodwin v. Lyons,* 4 Port. 297; 26 Cyc. 725; 36 Id. 726. The result is shown in the evidence. —*James v. James,* 55 Ala. 525; *Street v. Henry,* 27 Ala. 411; *Rives v. Morris,* 108 Ala. 527. The allegations of the bill are that upon the purchase of the land complainant went into the actual adverse possession of it and so continued until the filing of the bill, but his evidence fails to disclose acts amounting to adverse possession.—*Fulton v. Jansen,* 99 Cal. 587; *Miller v. Zufall,* 113 Pa. 317; *Miller v. Losentz,* 39 W. Va. 160; 36 Cyc. 688. Jones showed no possession of the land

except that portion he actually occupied.—*Bass v. Jackson L. Co.*, 169 Ala. 455; *Reddick v. Long*, 124 Ala. 260; *Jackson L. Co. v. McCreary*, 137 Ala. 278; *So. Ry. v. Hall*, 145 Ala. 225. As against the motion to strike the first assignment of error based upon the decree of October 21, 1909, appellant cites.—*Andsley v. Robinson*, 16 Ala. 793; 32 Ala. 18; 54 Ala. 52; 60 Ala. 379; 74 Ala. 371; 76 Ala. 516. The decree was not final in such a sense as to be within the rule respecting appeals. —*Tatum v. Yohn*, 130 Ala. 575; *Kimbrell v. Rogers*, 90 Ala. 339; 183 U. S. 234.

C. D. CARMICHAEL, for appellee. The equity of the bill has been determined.—47 South. 142. The rule of law applicable to cases of this character is very clearly stated in *I. A. P. Co. v. W. U. T. Co.*, 83 Ala. 498; *Brown v. Weaver*, 113 Ala. 228. Under these authorities the pleadings and facts disclose a case justifying specific performance. The terms of the contract as to the payment of the purchase money is sufficiently definite.—*Peck v. Ashurst*, 101 Ala. 499; s. c. 108 Ala. 429. On the question of variance, special attention is called to the *Ashurst case, supra*, and to *Gilmore v. Wallace*, 75 Ala. 220, and *Homan v. Stewart*, 103 Ala. 604. The land was held by a partnership for partnership purposes, and will be regarded as personalty.— *Long, et al. v. Slade, et al.*, 121 Ala. 267; *Rovelsky v. Brown*, 92 Ala. 522; *Hatchett v. Blanton*, 72 Ala. 425. The only question is as to the balance due on the purchase price, and the store account has nothing to do with it.—*Bradshaw v. Gunter*, 135 Ala. 240; 36 Cyc. 669 and 755; *Pulliam v. Owen*, 25 Ala. 492; *Knight v. Duke*, 69 Ala. 423; 27 Ala. 184; 9 Ala. 755. Jones' possession was sufficient to avoid the statute of frauds. —*City Loan Co. v. Poole*, 149 Ala. 168; *Gresham v.*

*Ware,* 79 Ala. 200; *Thorington v. City of Montgomery,* 88 Ala. 511; *McGhee v. Lehman-Durr Co.,* 65 Ala. 316. The first degree was final and the time for an appeal from that decree having elapsed before this appeal was taken, no error can be predicted on that decree, and the first two assignments of error should be stricken. —*Ex parte Elyton L. Co.,* 104 Ala. 88; *Smith v. Coleman,* 59 Ala. 260; *Hasty v. Aiken,* 67 Ala. 313; *Cochran v. Miller,* 74 Ala. 50.

SIMPSON, J.—The original bill, which has been eliminated, and the amended bill in this case, were filed for the specific performance of a contract for the sale of land; it being alleged and claimed that the complainant (appellee here) went into possession of the land under a parol contract of sale and paid part of the purchase money. Several subsequent purchasers of the land were made parties defendant, with the original vendors. This case was before this court at a previous term, from a decree dismissing the bill for want of equity, which decree was reversed, and a decree was here rendered overruling the motion to dismiss; this court holding that though an agent, in delivering the possession of the land, acted upon the oral authority from the principal, without authority, followed by an oral ratification, the contract was valid (overruling the case of *Elliott v. Bankston,* 45 South. 173); also, that "where a purchaser of land, under a verbal contract, takes and retains possession of the premises, with the vendor's consent, his mere delay in bringing suit for specific performance or his failure to pay the purchase money will not constitute a bar to the suit, where he has never been put in default by any act of the vendor."—*Jones v. Gainer, et al.,* 157 Ala. 218, 47 South. 142, 131 Am. St. Rep. 52.

On October 21, 1909, the chancellor rendered a decree, accompanied by an opinion. In the opinion he states that he is convinced that the purchase of the land was made as claimed in the bill, that the complainant was placed in possession of the land, and paid a part of the purchase money, that he was entitled to certain credits on the purchase money, that complainant has been in adverse possession ever since the purchase, open and notorious and sufficient to put purchasers on notice, so that the subsequent purchasers cannot claim to be innocent and without notice. The chancellor also expresses the opinion that the testimony, by complainant, that deed was to be made when all the members of the firm came to the mill, is not inconsistent with the allegation of the bill that it was to be made when all of the purchase money should be paid, as the law would presume that as the time of making the deed. He also expresses the opinion that, under the contract with the parties, "the indebtedness of complainant to W. H. Gainer & Co., or W. H. Gainer & Bro. must first be paid before he can insist on specific performance," as the agreement was that the balance found due to complainant on each monthly settlement of goods bought and work done should be credited on purchase money for the land. The opinion concludes: "I am of opinion, therefore, without discussing the evidence, that complainant has made out his case entitling him to specific performance of the contract upon payment of the purchase money, and that a reference to the register is necessary to ascertain what balance is due by complainant on the contract." The decree, which follows, will be set out in full by the reporter.

The register made a report on this reference, exceptions were filed to it, and the cause was submitted August 8, 1910. No action seems to have been taken

on this submission, but on May 18, 1911, another decree was rendered (which will be set out by the reporter, in the statement of this cause). The parties filed a written agreement that the register proceed and hold the reference under said decree, waiving notice and other formalities. The reference was held and register reported August 21, 1911, finding the amount due on purchase of the land to be $492.42, to which exceptions were filed, and final decree was rendered October 30, 1911, overruling exceptions and confirming the report of the register. It will be observed that, while the chancellor, in his first opinion, expresses himself as thinking that the amount due on the general account should be paid as a part of the purchase money, yet the only thing that is decreed is that the complainant has made out his case and is entitled to the relief prayed, and that it is necessary to order a reference. The decree then proceeds to order the reference, with directions to the register.

The question arises as to whether the first decree was such a final decree as could not be altered or modified by the chancellor, after the adjournment of the term of court at which it had been rendered, and as to which no assignment of error, on an appeal taken after the time of limitation for appeals from final decrees had elapsed, can be considered. Without repeating all that has been said in the numerous cases on this subject, we hold that the substantial equities between the parties in this case are: (1) Whether or not there was a sale of the land as claimed by the complainant; and (2) whether the contract of sale was such as to entitle the party complaining to a specific performance. These the first decree specifically determined in the affirmative and adjudged that the complainant is entitled to the relief prayed. To this extent it is a final decree,

which the chancellor had no power to change, nor can any assignment of errors as to it be now considered.

In so far as the chancellor, in said first decree, proceeded to instruct the register as to the manner of stating the account, the decree was merely interlocutory, and subject to change or modification in the further consideration of the case.—*Cochran et al. v. Miller et al.*, 74 Ala. 51, 60, 62, 63; *Adams v. Sayre*, 76 Ala. 509, 517; *Ex parte Elyton Land Co.*, 104 Ala. 88, 90, 91, 15 South. 939; *Ansley et ux. v. Robinson et ux. et al.*, 16 Ala. 793, 796, 797; *Kirkland et al. v. Mills*, 138 Ala. 192, 35 South. 40; *Hodnett v. Blankenship*, 151 Ala. 213, 44 South. 376.

As stated in the *Adams-Sayre Case, supra*, quoting from the previous *Cochran-Miller Case*: "If it settle all the equities between the parties, it is, to that extent, final. If it is necessary to take an account, or other proceeding must be had to carry it into effect, to this last-named extent it is interlocutory, and may be moulded, modified, or altered by the chancellor, as any other interlocutory decree may be. The principles of relief cannot be altered, for they are final. Directions for carrying the decree into effect may be modified, for they are interlocutory."

Referring to the cases cited by the appellee: In the case of *Kimbrell v. Rogers*, 90 Ala. 339, 7 South. 241, the important question litigated between the parties was whether there was any indebtedness on the mortgage, and if there was no indebtedness, however valid the mortgage might be, the complainant was not entitled to foreclose; and this court held that the decree was not final, because it did not determine this disputed fact, to wit, the indebtedness, which was claimed in the bill and denied by the answer. In the present case the only question litigated by the bill and answer was

whether or not there was a sale of the land.  Both parties admitted that, if there had been a sale, there was an indebtedness for purchase money.  The case of *Tatum v. Yahn et al.,* 130 Ala. 575, 29 South 201, rests on the same principle.  The case of *Ex parte Robinson,* 72 Ala. 389, merely decides, in accordance with what we have said, that a decree imposing costs on one party was final and could not be reversed or amended at a subsequent term.  The case of *Ex parte Cresswell,* 60 Ala. 378, merely decides, in accordance with our holding, that the chancellor cannot, at a subsequent term of the court, set aside and annul a final decree rendered at a previous term.  There is nothing in the case of *Wynn v. Tallapoosa County Bank,* 168 Ala. 469, 53 South, 228, 233, 234, in conflict with our holding in this case; but, on the contrary, the argument employed and cases cited in the opinion are in accordance with the views here expressed.  It is true, as stated in the opinion in *National Foundry, etc., v. Oconto Water Supply Co.,* 183 U. S. 234, 22 Sup. Ct. 118, 46 L. Ed. 157, that when the decree is uncertain, resort may be had to "the pleadings and opinions rendered, in order to ascertain who were the opposing parties, what were the issues joined between them, and the matters finally determined in the cause."  But that is an entirely different thing from resorting to the opinion in order to write something into the decree which it distinctly omits to decide.

Our own court, recognizing the difference between the opinion and the decree, says, speaking through BRICKELL, C. J.: "The purpose of the statute would be accomplished, if the chancellor, or the judge exercising chancery jurisdiction, when he reaches the conclusion a complainant is entitled to relief, would, in an interlocutory decree, announce the opinion formed, making

such other interlocutory orders or decrees to secure the complainant the full measure of relief the case may render necessary, and withholding a final decree until these interlocutory orders or decrees have been executed, then in one final decree adjudicating every disputed matter, rendering the whole revisable on one appeal. Thereby the cause would be kept under the control of the court, and there would be but one decree having the elements of finality."—*Ex parte Elyton Land Co., supra,* at page 92 of 104 Ala., at page 940 of 15 South.

While, as will be seen, we hold that the facts that the contract of sale was made, that it is such a contract as will support specific performance, and the complainant is entitled to the relief, is res judicata in this case, yet upon an examination of the evidence, we find that the chancellor was right in so finding, and he was right in finding, by the last decree, that the complainant is required only to pay the balance due of purchase money, and not the amount due on a separate and distinct account between him and the Gainers.

The agreement that the complainant was to be credited with sums as should be found due him on monthly settlements was merely a privilege granted the complainant, and did not in any way constitute the payment by the complainant of such balances as should be found against him, as a part of the purchase money of the land, the agreement being merely that he was to pay $1 per acre for the land, making in all $160, and this and other facts show that the true meaning of the contract was that the $160 was payable at once, but the complainant was privileged to pay the amount, with interest, by installments, during the pleasure of the parties (*Peck, Adm'r, v. Ashurst,* 108 Ala. 429, 437,

438, 19 South. 781), and there was no material vari-
ance between the allegata and probata.

There is nothing in the contention that it would
be inequitable to enforce specific performance at this
late day, after the lands have enhanced in value. That
was a contingency which each party assumed, when the
contract of purchase was made, and the vendor could
have demanded payment at any time. The evidence
shows, without controversy, that, at the time the agree-
ment of purchase was made, the complainant sold his
home in Florida, and came and made his home on this
tract of land, and the Gainers evidently did not consid-
er the land as worth much, after the timber was re-
moved, which they reserved, and by the sale of the land
secured the services of the complainant in cutting tim-
ber and hauling same to their sawmill. They are as
much responsible for delay as the complainant.

The evidence shows that, at the time of the subse-
quent mortgages and purchases, the complainant was
in possession of the land in question, having his home
thereon, with a considerable portion in cultivation, and
extending his clearing from time to time, besides taking
wood and timber from that portion which was un-
cleared.

We hold that, under all of the evidence, the chancel-
lor correctly held that the facts of possession were suf-
ficient to put said purchasers on inquiry, which, if fol- ·
lowed up, would have revealed the complainant's claim
to the entire 160 acres of land. Consequently, they
were not innocent purchasers without notice.—*Smith
v. Underdunck,* 1 Sanf. Ch. (N. Y.) 579; *Smith v. Gale,*
144 U. S. 509, 525, 12 Sup. Ct. 674, 36 L. Ed. 521;
*Mallette et al. v. Koehler,* 141 Ill. 70, 30 N. E. 549;
*Truth Lodge, etc., v. Barton,* 119 Iowa, 230, 93 N. W.

106, 107, 97 Am. St. Rep. 303; 2 Pomeroy, Eq. Jur. (3d Ed.) § 606, pp. 1002, 1003, and note, page 1036.

Finding no error in the record, the decree of the court is affirmed.

Affirmed. All the Justices concur.