(76 South. 293)

ANNISTON BANKING & LOAN CO. v. LAPSLEY et al. (7 Div. 881.)

(Supreme Court of Alabama. June 21, 1917.)

MORTGAGES ⬤⟝581(4)—FORECLOSURE—PROVISION FOR ATTORNEY'S FEES—RIGHT TO COLLECT.

Although the mortgage provided for the payment of an attorney's fee on foreclosure, such fee cannot be allowed, unless the attorney resorted in some affirmative way to foreclosure, and not where the foreclosure was made as an incidental proceeding in an action to quiet title.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1671–1673.]

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Bill by R. A. Lapsley and another against the Anniston Banking & Loan Company to quiet title to land. Decree for complainants, and respondent appeals. Reversed and rendered.

The respondent answered, setting up that its right or title or incumbrance upon the land is derived and created as follows: The discount by Sarah E. Lapsley with respondent of certain notes executed to her by one D. P. Hale; the insolvency of Hale, and the fact that he had been adjudged a bankrupt; the payment of the first note, and part payment of the second, leaving a balance due of $1,960.48, and in addition a reasonable attorney's fee provided for in each of said notes. It is further set out that in each of said notes it is provided that the maker, indorser, surety, or guarantor waived its demand, presentment, protest, and notice, suit, and all other requirements necessary to hold them; that these notes were secured by a mortgage, executed by Hale and his wife to Sarah E. Lapsley, on the lands described in the bill, but that said mortgage is subject to another mortgage on the same property for the sum of $4,250 in favor of Margaret M. Barbour, executed to her by said D. P. Hale and wife, and the property is not worth anything more than the first mortgage, and the second mortgage is now worthless. Respondent avers that the lands described in the complaint are and were subject to the satisfaction of said indebtedness of the said Sarah Lapsley to respondent, that R. A. Lapsley is the son of Sarah Lapsley, and that W. W. Sproul is a son-in-law of said Sarah Lapsley. The answer further sets up notes and mortgages from Sarah Lapsley to R. A. Lapsley and W. W. Sproul, and a conveyance by Sarah Lapsley to them of the property mentioned in the bill, in satisfaction of the indebtedness, and that such conveyance was fraudulent, and, even if it was a bona fide debt for $4,400, the property conveyed was worth fully $10,000, and its conveyance was a fraud upon respondent and other existing creditors of said Sarah Lapsley, and was made for the purpose of hindering, delaying, or defrauding, etc. Complainant filed an answer to the cross-bill. The chancellor decreed a fee of $353 for complainant's solicitors for services in the cause, in so far as they represented complainant in securing out of the fund arising from the sale of the property the sum of $3,535.35, as being due on the mortgage for $3,400.

Willett, Willett & Walker, of Anniston, for appellant. Blackwell, Agee & Bibb, of Anniston, for appellees.

ANDERSON, C. J. It may be conceded that the mortgage (Record, p. 25) provides for an attorney's fee for a sale of the property, either under the power of sale or by a bill in equity, and that it was broad enough to give the mortgagee an option as to which method to adopt, and that said provision of

the mortgage falls within the influence of the case of Langley v. Andrews, 142 Ala. 665, 38 South. 238, and is not controlled by the case of Cooper v. Parker, 176 Ala. 122, 57 South. 472. Yet we think that, in order for the mortgagee to be entitled to such attorney's fee, the attorney must have resorted in some affirmative way, by bill in equity or by cross-bill, to have procured a foreclosure in order to be entitled to the fee as for a foreclosure in equity, and that the mortgage does not provide a fee for the sale in question, which was not sought, invoked, or procured through the mortgagee's original bill, or by the answer to the cross-bill. Indeed, the conduct of the complainants throughout, both by the original bill and the answer to the cross-bill, was inconsistent with the idea of a foreclosure of the mortgage, and the sale of the property was not made at the instance of the complainants, or primarily for the purpose of foreclosing the mortgage, but was ordered for the benefit of the respondent, under its cross-bill, in order that it could subject the property to the payment of its debt after the satisfaction of the amount then due the complainants upon their mortgage. The complainants filed an original bill under the statute to quiet title. Respondent answered, claiming as a creditor, and by cross-bill sought a cancellation of the deed made by the mortgagor to the mortgagees to avoid a foreclosure. The court canceled said deed, but found that the mortgage was superior to respondent's demand, and ordered the property sold by the register for the benefit of said respondent, and a satisfaction of the mortgage debt out of the proceeds before the respondent could participate therein. True, the said sale may have operated as a foreclosure or satisfaction of the mortgage; but it was a mere incident to the relief granted the respondent, and was in no sense such a foreclosure by the mortgagee as authorized the payment of an attorney's fee under the terms of the mortgage. We think that the lower court erred in allowing the complainants an attorney's fee, and the decree allowing same is reversed, and one is here rendered, disallowing said fee.

Reversed and rendered.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.