**BELL v. KING et al. (6 Div. 8.)**

(Supreme Court of Alabama. Jan. 17, 1924.)

1. Appeal and error ⬅️80(4)—Decree fixing condition of redemption by mortgagor held final supporting appeal.

In a bill against a mortgagee and his assignee to enjoin foreclosure sale, purge debt of usury, for an accounting between complainant and mortgagee, and for general relief, a decree fixing the conditions on which redemption could be had and in effect decreeing the mortgage valid in the hands of assignee, and referring the suit to the register to determine the amount due, though not making an order as to the injunction in force and being silent as to the accounting sought against mortgagee and retaining the cause only for orders on the report, *held* a final decree supporting an appeal to the Supreme Court.

2. Equity ⬅️401—In bill to redeem, though no cross-bill was filed, reference to register to determine amount due not error.

In a bill against a mortgagee and his assignee to redeem and enjoin foreclosure of mortgage and for .an accounting between complainant and mortgagee, in which no cross-bill was filed, it was not error to order a reference to the register, not for purposes of a personal decree against complainant, but to determine the amount to be paid as a condition upon which relief was granted to complainant.

3. Mortgages ⬅️621—Decree granting right to redeem not void for failing to decree divestiture of all property covered by mortgage, upon payment.

In view of Code 1907, § 4899, providing that payment of the mortgage debt divests all title passing thereby, a decree for redemption from assignee, providing that property described therein, and which would not pass to complainant by payment of the debt because title was still in mortgagee, would be divested upon compliance with the decree, was not void for failure to describe all property covered by the mortgage.

4. Mortgages ⬅️600(3)—Attorney fees not allowable as condition to redemption when no foreclosure is sought.

Under a mortgage providing for the payment of reasonable attorney's fees on foreclosure under power of sale or by suit in equity, where no foreclosure is sought, attorney's fees are not allowed as a condition to redemption by the mortgagor.

5. Mortgages ⬅️600(3)—In suit to redeem and restrain foreclosure, allowance of attorney's fees incurred in that suit held error.

Where the mortgage as to which complainant mortgagor filed a bill to redeem and to enjoin a foreclosure stipulated for the payment of a reasonable attorney's fee on foreclosure, the decree should have limited the attorney's fee to such reasonable amount as was incurred in the proceeding to foreclose before complainant's bill was filed, and it was error to allow fee incurred in defending the suit for redemption.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Stephen Bell against S. P. King and R. H. Brown to enjoin the foreclosure of a mortgage, for accounting, etc. From the decree, complainant appeals. Affirmed in part; reversed in part and remanded.

See, also, 206 Ala. 182, 89 South. 659.

The decree from which the appeal is taken follows:

"This cause coming on again to be heard upon the pleadings and proof as noted by the register (with the exception of the answer of the respondent S. P. King, to interrogatories propounded to him by the complainant, which are

not considered in the rendition of this decree), and the same being considered, the court is of the opinion that the respondent R. H. Brown is a bona fide purchaser for value without notice of the note dated July 14, 1920, secured by a mortgage executed by the complainant, Stephen Bell, and that the said S. P. King has duly assigned to the said R. H. Brown all of his right, title, and interest in and to the said note and the mortgage securing the same, and has no further interest in or to the same.

"It is further ordered, adjudged, and decreed under the prayer for general relief, that the said Stephen Bell is entitled to have and to hold all of the right, title, and interest, of the said S. P. King and R. H. Brown, in and to the following described real property, to wit, lots 20, 21, 22, 23, 24, and 25 in block 5, in Groveland subdivision of block 9 G, Walker Land Company's survey, East Woodlawn, Birmingham, Jefferson county, Ala., upon his paying into the register of this court, for the use and benefit of R. H. Brown, the amount of the said note and interest thereon, the cost and expenses of foreclosing the same, including a reasonable attorney's or solicitor's fee incurred in this litigation, and the costs of this cause, upon the payment of which the title to said described property be divested out of S. P. King and R. H. Brown and vested in Stephen Bell, this complainant.

"It is further ordered, adjudged, and decreed the register of this court will hold a reference, under the usual rules of this court, and he will ascertain and report to this court the amount due the said R. H. Brown, by said Stephen Bell, for and on account of said note of July 14, 1920, and also the costs and expenses of foreclosing the same, including a reasonable attorney's or solicitor's fee incurred in this litigation, in and about the collection of the said note and foreclosure of said mortgage.

"The cause is reserved for further orders upon the report of the Register."

Hayden & Hayden, of Birmingham, for appellant.

There was no cross-bill seeking foreclosure, and it was error to refer to the register the ascertainment of costs and expenses, including attorney's fee, for foreclosing. It was likewise error to decree an accounting between the mortgagor and the transferee. Code 1907, § 3118; Ketchum v. Creagh, 53 Ala. 224; Sims' Ch. Pl. § 188; Duckworth v. Duckworth's Adm'r, 35 Ala. 70. It was error to deny an accounting between the mortgagor and the mortgagee. 1 C. J. 612; Hall v. McKeller, 155 Ala. 508, 46 South. 460; Robinson v. Bullock, 58 Ala. 618. The final decree appealed from was final. Sims' Ch. Pl. § 569; Dickens v. Dickens, 174 Ala. 345, 56 South. 809.

Sterling A. Wood, of Birmingham, for appellees.

The decree appealed from is not final; the appeal should be dismissed. Burgin v. Sugg, ante, p. 142, 97 South. 216; Garry v. Jenkins, 109 Ala. 471, 20 South. 8; Hendrix v. Francis, 203 Ala. 342, 83 South. 66; Nelson v. Cornelius, 208 Ala. 688, 95 South. 170. There was no error in the decree; the authorities cited by appellant are inapt.

BOULDIN, J. The bill was filed by a mortgagor against the mortgagee and an assignee thereof; alleged that the mortgage debt was infected with usury; that the mortgagee was the real owner of the mortgage, the transfer merely simulated, and the transferee a mere "dummy," holding subject to all the equities between the mortgagor and the mortgagee; that the mortgagor had offered to pay and was ready and willing to pay the sum borrowed, with lawful interest; that the assignee was proceeding to foreclose the mortgage under the power therein; that the indebtedness secured was a part of an account long existing between the mortgagor and mortgagee, which was complicated, and on accounting the mortgagee, King, would be indebted to the mortgagor, Bell, in an amount exceeding the mortgage debt

The prayer was for a temporary injunction to prevent the foreclosure sale to be made permanent on final hearing; for purging the debt of usury; and for an accounting between the mortgagor and mortgagee, with decree over for balance claimed to be due complainant. There was prayer for general relief. The answers denied all the equities of the bill, and set up that the transferee, Brown, was the holder of the negotiable note evidencing the debt with the mortgage security in due course. There was no demurrer to the bill, and no cross-bill.

The present appeal is from decree rendered on pleadings and proof July 24, 1923.

[1] The first question here is: Was this a final decree which will support an appeal by complainant, Bell?

The decree is divided into three subdivisions:

First, it expresses merely the opinion of the court that respondent Brown was the holder of the note and mortgage in due course.

Second, it decrees to complainant the right to redeem or have the title to certain property divested out of respondents, fixes the terms of such redemption, and decrees that upon compliance with these terms the title be divested by force of the decree.

Third, a reference to the register to find and report the amount to be paid, with directions to state the account in keeping with the terms fixed by the decree.

The legal title to the lands to be divested was still in respondent King, who had made an executory contract to convey the same to complainant, Bell, upon payment of the mortgage debt.

In Brown v. Bell, 206 Ala. 182, 89 South. 659, this cause was here on appeal from a decree overruling the motion to dissolve the temporary injunction. We then said:

"This bill was filed by appellee for the primary purpose of exercising the equity of re-

demption as to a certain mortgage"—the mortgage here involved.

The court below followed that decision in shaping the decree now before us.

The first portion of the decree, merely expressing the opinion of the court, decrees nothing within itself. It gives the views of the court upon which the decree following is based. The third portion, giving directions to the register as to the items to be charged, standing alone would be merely interlocutory, and subject to review only on appeal from final decree. Gainer v. Jones, 176 Ala. 408, 417, 58 South. 288.

The decree, construed as a whole, settles and determines the equities of the parties in the lands; decrees that complainant can have relief on payment of the mortgage debt in full, with interest thereon, the costs and expenses of foreclosure, including a reasonable attorney's fee incurred in this litigation, and the costs of suit.

The effect is certainly to decree the mortgage valid in the hands of Brown, not subject to deduction for usury, payment, or equitable set-off held by complainant against the mortgagee, King.

No order was made as to the injunction in force. The effect was to keep it in force for protection of complainant until he had the opportunity to redeem by payment of the amount to be ascertained. The decree is silent as to the accounting sought against respondent King. It does not expressly appear whether the court considered this feature of the bill a mere incident to its main purpose, with no independent equity, whether the proof failed to sustain it, or it was still to be considered.

The cause is retained only for orders on the report of the register. The decree expressly settles all equities between complainant and respondent Brown, and all rights of complainant in the lands described in the decree, which we have heretofore held to be the primary purpose of the bill.

We conclude this was a final decree which will support an appeal to this court.

Such decree has been so often considered and defined in our decisions, that a further discussion cannot make it more certain. We merely cite the following cases: Adams v. Sayre, 76 Ala. 509; Burgin v. Sugg (Ala. Sup.) 97 South. 216; [1] De Graffenried v. Breitling, 192 Ala. 254, 68 South. 265; Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 South. 228; Gainer v. Jones, 176 Ala. 408, 58 South. 288; Alexander v. Bates, 127 Ala. 328, 28 South. 415; Stein v. McGrath, 128 Ala. 175, 30 South. 792; 3 Brick. Dig. p. 34, § 12; Ex parte Elyton Land Co., 104 Ala. 88, 15 South. 939.

Proceeding to consider the questions presented, the court below is fully supported by the record in his findings on the merits. No detailed or serious argument is presented on the facts questioning the court's findings thereon.

[2] The point is made that in the absence of a cross-bill it was error for the court to order the reference shown in the decree. This reference is not ordered for the purposes of a personal decree against complainant, but simply to advise the judge the amount to be paid as a condition upon which relief was granted complainant—the amount required to do equity. There was no error in ordering such reference.

[3] The point is further made that the decree should have divested title to all the property covered by the mortgage. Payment of the mortgage debt divests all title passing thereby. Code 1907, § 4899. As above noted, the title to the property mentioned in the decree would not pass by the payment of the debt because it was still in respondent King, and that part of the decree aims at doing complete equity.

[4, 5] It is urged that the court was in error in decreeing the payment of respondents' attorney's fee incurred in the litigation. The mortgage stipulated for the payment of a reasonable attorney's fee on foreclosure under power of sale or by suit in equity. Such stipulation for attorney's fees must be limited to those covered by the contract. Where no foreclosure is sought, attorney's fees are not allowed as a condition to redemption by the mortgagor.

The decree should have limited the attorney's fee to such reasonable amount as was incurred, if any, in the proceeding to foreclose under power of sale before the bill was filed. Anniston Banking & Loan Co. v. Lapsley, 200 Ala. 377, 76 South. 293; Seed v. Brown, 180 Ala. 8, 60 South. 98; Pollard v. American Mtg. Co., 103 Ala. 289, 16 South. 801.

Affirmed in part, reversed in part, and remanded. Appellant will pay two-thirds the cost of appeal and appellees one-third such cost in this court and the court below.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.