(127 So. 219)

### ODEN v. VALENTINE et al.
7 Div. 916.

Supreme Court of Alabama.
March 27, 1930.

L. H. Ellis, of Columbiana, for appellant.

J. Sanford Mullins and R. H. Cocke, both of Alexander City, for appellees.

ANDERSON, C. J.

We are disposed to agree with the finding of the trial court that the complainant, Robert Oden, did not comply with the written condition given him when the mortgage was executed so as to limit his liability to $400 as there set out.

We think, however, the trial court erred in dismissing the bill, as last amended, as it contained equity as for exoneration and redemption. While Robert Oden may have been liable for the whole amount of the mortgage, together with his brother, having failed to avail himself of the option of limiting his liability to $400, it appears that he was, in fact, acting as surety for his brother, Isaac Oden. The land was sold to Isaac, and it was intended that Robert should pay $400 under certain conditions, but liable for all if the condition failed, and he included some of his own land together with that his brother bought from the respondent in the mortgage. Therefore, as a matter of equity and good conscience, these two tracts should be separately sold in order to accomplish an equitable exoneration. The tracts are separate and distinct, and the place bought by Isaac from the respondent should first be sold, and the complainant's land should be looked to only for what the first tract may lack of paying the debt.

It also appears that the respondent Mary Jones Valentine owes one Blankenship several hundred dollars on the land she sold Isaac, and it does not appear that she sold him her equity, but it does appear that she gave him a warranty to the land, so this debt due Blankenship should be accounted for either in case of a redemption before or after a sale; that is, the amount due Blankenship should be deducted from the amount of the mortgage debt in case of a redemption before sale, or, if a sale is made, the debt due should be deducted from the amount of the mortgage, and the sale of Isaac's place should be made first, subject to the Blankenship claim, and the complainant should be permitted to redeem his place by paying the balance due.

It is true, the sale was made before the bill was amended and the decree was ren-

dered, but the original bill was filed to test the validity of the mortgage, and a foreclosure of the mortgage after said bill was filed cannot impair any rights to which the complainant would be entitled under said bill. Carroll v. Henderson, 191 Ala. 248, 68 So. 1. It is conceded that the bill in this Henderson Case was one to redeem, while the one here was first to quiet title, and the amendment seeking exoneration and redemption was not made until after the sale, yet the original bill related to the land in question and brought in the validity of the mortgage, and, if asserted by the respondent, the complainant could have sought a redemption by amendment or perhaps a cross-bill, and we see no reason why the equitable principle applied in the Henderson Case, supra, should not also obtain here.

The decree of the circuit court dismissing the bill of complaint is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.