(129 So. 81)

### KELLY v. CARMICHAEL et al.
### 6 Div. 605.

Supreme Court of Alabama.

June 5, 1930.

W. H. Smith, of Birmingham, for appellant.

Howze & Brown, of Birmingham, for appellees.

FOSTER, J.

This is an appeal from a final decree in equity. The nature of the case is shown on an appeal from a decree sustaining demurrer to the bill as reported in 217 Ala. 534, 117 So. 67.

After a remandment, the bill was amended so as to eliminate that feature of it which sought in the alternative an exercise of the statutory right of redemption, seemingly recognizing a want of such right conformably to the opinion on that appeal. After the court had overruled demurrer to the bill as thus amended, respondent filed an answer denying those allegations upon which the complainant relied to found relief to the extent of vacating the foreclosure sale for irregularities. But respondent inserted the following clause at the conclusion of the answer, to wit:

"Defendant says that as evidence of good faith, and in order to enable complainant to accomplish the purpose for which this bill was originally filed, to-wit, the redemption of said property, he is willing for complainant to redeem the same from said foreclosure upon paying him the amount required by the laws of Alabama for redemption of land sold under foreclosure of mortgages, and offers to submit to this honorable court the right to fix such time as it considers reasonable to permit complainant to redeem."

Respondent also gave notice of a motion to set down the cause for hearing. Before the same came on for hearing on such motion, complainant propounded interrogatories to respondent, and also moved to strike from the answer that portion which we have quoted. On the same day respondent moved for a reference to ascertain the amount necessary to redeem from the mortgage foreclosure. A few days later the several motions were argued and submitted and taken under advisement. Some three weeks afterwards the court entered a decree reciting that the cause coming on to be heard was submitted for decree upon the bill and answer, and referred to that feature of the answer quoted above, and thereupon ordered a reference to ascertain (1) whether respondent was owner of the notes and mortgages at the time of foreclosure; and (2) "the amount justly due the respondent Carmichael on said notes and mortgages to the date of the filing of his report, including what would be a reasonable fee for the services of the solicitor for said respondent Carmichael rendered in connection with the collection of said notes and mortgages, and in ascertaining said amount due under said notes and mortgages the register shall calculate interest at the rate of eight per cent. per annum." Upon a reference, the register reported (1) that respondent was such owner of the notes and mortgages; and (2) "the amount justly due the

respondent Carmichael on said notes and mortgages to the date hereof, including principal, interest and taxes is $30,888.21 and that a reasonable fee for the services of the solicitor for said respondent Carmichael rendered in connection with the collection of said notes and mortgages is $3,088.00, making a total of $33,976.21."

The evidence was reported, and the register attached a statement of the account showing how the amount was ascertained. The account was of the mortgage debts, as though there had been no foreclosure. It took no account of the foreclosure, but only found the principal of the mortgage debts with interest at 8 per cent. per annum, and taxes paid by respondent, and interest on the amount of such payments. Such figures resulted in a total of $30,888.21, and the register allowed an attorney's fee of 10 per cent. thereof.

The court overruled exceptions, rendered final decree fixing the right of redemption upon the payment within ninety days of the amount so ascertained, in default of which the cause was directed to stand dismissed at the cost of complainant.

Appellant applied to this court for a certiorari to review the decree upon the ground that it was void on its face and would not support an appeal. This court denied the writ, holding that an appeal will lie. Ex parte Leona Kelly, ante, p. 339, 128 So. 443. This appeal was then taken by complainant in due time.

Appellant complains that the record, as we have recited it, shows that the court granted and decreed relief for which she did not pray, in accordance with a feature of the bill which had been eliminated by amendment. If the record supports that claim, it would not need argument to sustain appellant's contention. For, after complainant had been forced by demurrer to eliminate an aspect of the bill, she could not be required to accept a decree under that aspect over her protest. It may be true that the answer of respondent to which complainant took exception, when properly construed, should be so interpreted. But we have copied from the decree of reference, and the report on reference, and referred to the account made by the register, to show that the amount ascertained to be necessary to redeem is not the appropriate amount to be ascertained to exercise such statutory right, but that the same was done pursuant to the principles appropriate in the exercise of the equity of redemption, as though there had been no foreclosure. This was the relief appropriate to the bill as amended. The decree and reference undertook to ascertain the true amount of the mortgage debts—nothing more.

The amended bill did not pray for such

specific relief as was justified by the facts. The facts alleged, as held on former appeal, justified the vacation of the foreclosure. Afterwards complainant's only remedy, so far as Carmichael was concerned, was to redeem in an exercise of her equity of redemption. She had no right, as prayed, to have the land sold to pay the mortgage debt until after the redemption and then to enforce contribution, as will be referred to later. Such a sale would otherwise be in effect a foreclosure at the suit of the mortgagor or his privy. It is quite true that, if there is a default on complainant's part to redeem, and the court shall thereupon decree a sale of the property in foreclosure, complainant has a right under certain circumstances, as said on former appeal, to have the property sold in the inverse order of its alienation. But, as to Carmichael, her only equity on the allegations of the bill is to declare the invalidity of the foreclosure and to redeem by paying the mortgage debt. Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105; Dozier v. Farrior, 187 Ala. 181, 65 So. 364.

To the extent, therefore, that the court decreed a redemption, there was but a granting of the appropriate relief under the amended bill, to which complainant cannot complain, unless in making such decree there was error in fixing the amount of the mortgage debt.

There was exception to the register's report in fixing the amount of the attorney's fee. There was no exception to any other item of the account.

The matter of attorney's fee therefore is the only proper item or matter in the record of which appellant may make just complaint. Any irregularity claimed in the record does not appear to prejudice her. She received such decree as she was entitled under the amended bill, subject to her exception to the item of attorney's fee. The decree in all other respects not only did not prejudice her rights, but enforced them. The question of attorney's fee for the mortgagee, upon an exercise of the equity of redemption, is the one to which our attention will therefore now be directed.

The notes are not shown by the record. The mortgages are in substantially the same language as respects the stipulations for attorney's fees. There are two provisions. One of them relates to a disposition of the proceeds of a sale under the power upon foreclosure, and provides that they shall be applied, "first, to the expenses of advertising and selling including reasonable attorney's fees." The other clause is as follows: "If this mortgage be foreclosed in chancery, reasonable attorney's fees for foreclosing same shall be paid out of the proceeds of the sale."

In the case of Seed v. Brown, 180 Ala. 8, 60 So. 98, the mortgage contained provisions

for an attorney's fee similar to that first above quoted. It was said that this could only have contemplated an attorney's fee for services in a foreclosure under the power of sale. Anniston Banking & Loan Co. v. Lapsley, 200 Ala. 377, 76 So. 293.

In order to justify a fee for foreclosing in equity, there must be a proceeding seeking such relief by the mortgagee, either in an original or cross-bill. Ward v. Bank of Abbeville, 130 Ala. 597, 30 So. 341; Anniston Banking & Loan Co. v. Lapsley, supra.

But if the note or mortgage provides for an attorney's fee for collecting the debt as well as for foreclosing the mortgage, though there is no foreclosure, there should be allowed a reasonable fee for the services of the attorney looking to the collection of the debt rendered before the suit for redemption is filed. Lampkin v. Stout, 199 Ala. 101, 74 So. 239; Lampkin v. Irwin, 202 Ala. 14, 79 So. 300; Bell v. King, 210 Ala. 551, 98 So. 794; Thomas v. Barnes, 219 Ala. 652, 123 So. 18.

But no fee is allowed under such circumstances for defending the suit for redemption. Thomas v. Barnes, supra; Ward v. Bank of Abbeville, 130 Ala. 597, 30 So. 341.

An attorney's fee is not proper for making an irregular foreclosure if it is vacated. Fellows v. Burkett, 219 Ala. 601, 122 So. 808.

In view of the fact that the relief as decreed in this case is based upon an exercise of the equity of redemption, which is inconsistent with a regular foreclosure, the rights of the parties are to be determined as though there were no attempt at foreclosure, or in effect an exercise of the right to vacate the foreclosure to authorize a redemption. So that a fee for such foreclosure is inconsistent with the equity thus declared. The notes not being in evidence, and the mortgage only providing for a fee on foreclosure, and no such relief is decreed on pleading seeking that relief, no fee was justified by the state of the record. The exception to the report of the register to that extent we think should have been sustained. This will operate to reverse the decree of the court. If the notes are put in evidence, and provide for an attorney's fee incurred in collecting the debt, and the evidence shows that such was incurred before the bill was filed, not including services for the attempted foreclosure, appellee would be entitled to such as were reasonably incurred pursuant to the provisions of the notes. In order that justice may be done in this respect, we think the cause should be remanded.

Our conclusion is that the court cannot force appellant to accept a decree enforcing the statutory right of redemption contrary to the purpose of the bill as last amended, but that the equity of the bill is to enforce the equity of redemption upon allegation that the foreclosure was irregular and voidable, and that such is the nature of the final decree; so that upon the complaint as amended, any re-

demption decreed must be the equity of redemption based upon the invalidity of the foreclosure. The foreclosure must stand or fall. If it stands, complainant can have no relief under the bill as now amended, and the court cannot decree any. If appellee consents to a redemption, it must be treated as the equity of redemption.

■ We may add further that, when a tenant in common redeems, he must redeem all interests, and pay the entire mortgage debt. McQueen v. Whetstone, 127 Ala. 417, 30 So. 548; Wood v. Wood, 134 Ala. 557, 33 So. 347.

When one tenant exercises this right of redemption, it is in equity an assignment of the mortgage with the right to enforce contribution against the other tenants. Jones v. Matkin, 118 Ala. 341, 24 So. 242.

The nonredeeming cotenant may exercise the right to participate in the redemption by paying in due time his proper proportion of the cost of redemption. Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Caldwell v. Caldwell, 173 Ala. 216, 230, 55 So. 515.

■ Allen, the cotenant, was a party to this suit. The equitable rights of complainant and Allen resulting from the redemption to be effected by complainant may be properly determined in this suit upon sufficient allegation and proof, not affecting the rights of Carmichael. If Allen is shown to be in fact the principal debtor, complainant is entitled to full relief as against him, on the theory of principal and surety as declared in West Huntsville Cotton M. Co. v. Alter, 164 Ala. 305, 51 So. 338; Thomas v. St. Paul, etc., 86 Ala. 138, 5 So. 508; Tillis v. Folmar, 145 Ala. 176, 39 So. 913, 117 Am. St. Rep. 31, 8 Ann. Cas. 78; Eppes v. Thompson, 202 Ala. 145, 79 So. 611; Segall v. Loeb, 218 Ala. 433, 118 So. 633.

For the reasons indicated, we do not think it necessary to treat other questions discussed by appellant's counsel.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.