174 So. 764

## BEASLEY v. ROSS.

### 4 Div. 902.

Supreme Court of Alabama.

April 8, 1937.

Rehearing Denied June 3, 1937.

Sollie & Sollie, of Ozark, for appellant.

336

E. W. Norton, of Clayton, for appellee.

KNIGHT, Justice.

Bill for redemption and accounting.

It appears from the averments of the bill that the complainant, appellant here, on the 16th day of July, 1927, was indebted to respondent, appellee, in the sum of $3,-500, and to secure the payment of said indebtedness, and the interest to accrue thereon, the complainant, along with his wife, executed to the respondent a mortgage on certain real estate in the city of Eufaula, Ala. The indebtedness, under the terms of the mortgage, was payable in annual installments, with interest thereon payable annually. To evidence the annual installments of principal and interest, separate principal and interest notes were executed.

It further appears that in December, 1931, after the maturity of the indebtedness, and default had been made in the payment

of the same, the respondent proceeded to advertise the property for sale under the power of sale contained in the mortgage. After the respondent had advertised the property for sale, but before the day fixed for the sale, the complainant filed this bill for redemption, and accounting.

It is charged in the bill that the mortgage indebtedness included usurious interest, and also that the respondent had failed to give proper credit for certain payments made by the complainant on the principal and interest of said indebtedness.

Notwithstanding the filing of the bill and its service, the respondent proceeded, in accordance with the published notice, to sell the property in foreclosure of the mortgage. At the sale, respondent became the purchaser at and for the sum of $2,000.

The complainant prayed for an injunction, and Judge Williams made an order for its issuance, upon the execution by complainant of bond in an amount fixed by him. No bond was given, and, of course, no injunction was issued.

That there was a balance due on the mortgage when the foreclosure was had is not denied by the bill.

Upon foreclosure of the mortgage the respondent went into possession of the property, rented it to tenants, and has collected several hundred dollars in rents therefrom.

By an amendment to his bill, the complainant seeks an accounting for the rents, and application of the same to the payment of the mortgage indebtedness pro tanto.

In her answer to the amended bill the respondent denies the charge of usury, and attaches as an exhibit to her answer a statement, which purports to show all payments made to her on said notes, and the balance alleged to be due on said mortgage indebtedness, including principal and interest, on the 24th day of December, 1931, the day the mortgage was foreclosed. The answer also undertakes to give an itemized statement of rents collected, and the amounts expended in the payment of taxes and insurance on the property.

The court, on final hearing, held that the indebtedness was not infected with usury, and that the true and correct balance due respondent on said mortgage, on the day of its decree, was the sum of $3,751.90, including an attorney's fee of $300; which was allowed by the court.

In the third paragraph of its decree, the court directed: "That the foreclosure

of the mortgage had and completed on the 24th day of December, 1931, at which foreclosure sale the respondent in this cause became the purchaser, is hereby set aside and held for naught, provided the complainant in this cause pays to respondent the amount hereinabove decreed to be the balance due on the debt secured by the said mortgage together with interest from the 23rd day of March, 1936, until the date of payment, same to be paid within sixty days from March 23, 1936."

This court is committed to the proposition that the foreclosure of a mortgage, after the filing of a bill by mortgagor to redeem, does not cut off the mortgagor's equitable right of redemption invoked by his bill. The equity of redemption and the right of its enforcement existed at the time of the filing of the bill, and the mortgagee could not impair or destroy this right by proceeding to foreclosure under the power contained in the mortgage. The court having assumed jurisdiction, upon timely bill filed by the mortgagor, will protect the status of the mortgagor, and, to that end, will set aside any subsequent sale made under the power, when such action is necessary to "accomplish that for which jurisdiction has been assumed." National B. & L. Ass'n v. Cheatham, 137 Ala. 395, 34 So. 383, 384; Carroll v. Henderson, 191 Ala. 248, 68 So. 1; Moore v. Berryman, 224 Ala. 555, 141 So. 192; Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2; Fair v. Cummings, 197 Ala. 131, 72 So. 389; Johnson v. Smith, 190 Ala. 521, 67 So. 401; Oden v. Valentine et al., 220 Ala. 626, 127 So. 219.

Inasmuch as the court found that there was an unpaid balance due on the mortgage, at the time of the filing of the bill, and that the same was past due, the court's decree, adjudging and ordering that the foreclosure would stand annulled and held for naught, provided the complainant should pay to respondent, within the time allowed and fixed by the decree, the amount ascertained to be still due and owing (with the interest thereon from the date of the decree), fully protected the rights of the mortgagor, the enforcement of which were invoked by the bill, and gave effect to the principle announced above, viz., that the filing of the bill sufficed to preserve the status of the complainant seeking enforcement of his equitable right of redemption.

As above stated, the court found that the indebtedness was not infected with usury, and in the finding we are in full and complete accord.

It is also insisted that the court improperly allowed the respondent the sum of $300 as a fee to her solicitor, in the matter of the services rendered by him in the collection of the mortgage indebtedness. In this contention there is no merit. The notes provided for the payment of reasonable attorney's fees that might be incurred in collecting or attempting to collect the same. The mortgage also provided for the payment of an attorney's fee in the foreclosure of the mortgage, whether under the power of sale in the mortgage or under a decree of the court.

There was default in the payment of the notes, and the evidence shows that the respondent had placed the notes and mortgage in the hands of her attorney for collection; that he was making active effort to enforce collection when the bill was filed. The evidence also shows that the sum of $300 was a reasonable fee for the services rendered. Under our uniform ruling, the respondent was entitled to the allowance of an attorney's fee for services rendered up to the filing of the bill in this cause, and under the evidence we are not prepared to say the amount allowed was unreasonable. We will not disturb the decree in this respect. Skidmore v. Stewart, 199 Ala. 566, 75 So. 1; Bedell v. New England Mortgage Security Co., 91 Ala. 325, 8 So. 494; Lampkin v. Stout et al., 199 Ala. 101, 74 So. 239; Lampkin v. Irwin et al., 202 Ala. 14, 79 So. 300; Bell v. King et al., 210 Ala. 551, 98 So. 794; Kelly v. Carmichael et al., 221 Ala. 371, 129 So. 81; Thomas v. Barnes, 219 Ala. 652, 123 So. 18. There was no cross-bill filed in the cause.

It is also insisted that the court committed error in disallowing certain claimed credits to the complainant, and that the amount of the mortgage debt, as ascertained by the court, was greatly in excess of the true amount due and owing on said mortgage.

The evidence is voluminous. We have given it careful consideration. To enter into a detailed discussion of the testimony would serve no useful purpose. Section 10336, as interpreted by this court, rather suggests to us that, when the issue to be determined is one of fact only, we should refrain from any lengthy discussion of the facts. Such is our established policy. Barley v. Wright (Ala.Sup.) 171 So. 247;[1]

---

[1] 233 Ala. 283.

338

Caples v. Young, 206 Ala. 282, 89 So. 460. Suffice it to say, we have given consideration to every phase of the evidence, and, as a result, we find ourselves in full accord with the findings and conclusions of the trial judge, both as to the law and facts of the case.

It follows, therefore, that the decree appealed from is due to be here affirmed, and it is so ordered.

The time for redemption of the property, as fixed by the trial court, having expired pending this appeal, it is here ordered that the time for the effectuation of redemption be and the same is hereby extended to the 7th day of July, 1937. The appellant to pay the redemption money as fixed by the court, with 6 per cent. interest thereon from March 23, 1936, to date of payment, together with any taxes, state, county, and municipal, including municipal paving assessments, that the respondent has lawfully paid on said property since said date, together with interest on such amounts at the rate of 6 per cent.

Redemption when perfected to have effect as of the date of the decree in the circuit court.

Rents accruing subsequent to the date of the decree, or which accrued prior thereto, and not then collected, and with which the mortgagee was not charged, may be subject to recovery by the mortgagor by supplementary proceedings in this cause, or otherwise as he may be advised. For this purpose solely, the cause, while affirmed, will be remanded to the circuit court.

The costs accruing on this appeal to be taxed equally against appellant and appellee.

Affirmed, with time extended for redemption, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

