14 So.2d 150

**MULLINAX et al. v. STATE ex rel. HUNTER, Solicitor.**

6 Div. 139.

Supreme Court of Alabama.

June 10, 1943.

Beddow, Ray & Jones, of Birmingham, for appellants.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for appellee.

14 So.2d 151

**EMANUEL et al. v. UNDERWOOD COAL & SUPPLY CO.**

**1 Div. 182.**

Supreme Court of Alabama.

June 10, 1943.

BROWN, Justice.

This appeal is from a final decree of the Circuit Court of Walker County, sitting in equity, enjoining and restraining the defendants, appellants here, from operating their place, described in the bill as a liquor nuisance, and as a place of assignation, as alleged in the bill, and as defined, respectively by Title 29, § 145, and Title 7, § 1092 of the Code 1940.

The case was submitted on testimony ore tenus, and is voluminous and conflicting, covering a written record of over three hundred pages. The question presented is of fact.

We have made a painstaking examination of the testimony of the numerous witnesses, and we find legal and competent testimony which if believed supports the conclusions pronounced in the decree. The trial judge who saw and heard the witnesses was in better position to judge of their credibility than we are. Jackson v. Jackson, 204 Ala. 257, 85 So. 482.

Under the statute and repeated rulings here, we are authorized to refrain from detailed analysis of the testimony, as no good purpose can be served thereby. Code 1940, T. 13, § 66; Beasley v. Ross, 234 Ala. 335, 174 So. 764.

The assignments of error do not invoke any specific rulings on objections to testimony, nor were exceptions filed thereto as required by the prevailing rule of practice in equity cases. Sumner et al. v. Caldwell et al., ante, p. 149, 12 So.2d 391.

We are of opinion, therefore, that the decree should be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.