165 So.2d 707

**Donilue HODGES**

v.

**R. H. HODGES et al.**

**7 Div. 595.**

Supreme Court of Alabama.

May 28, 1964.

J. A. Johnson and Scott & Scott, Fort Payne, for appellant.

Beck & Beck, Fort Payne, for appellee.

PER CURIAM.

From a final decree of the Circuit Court of DeKalb County, in Equity, dated September 3, 1962, disallowing certain exceptions to the report of the Register, complainant appeals.

The complainant (appellant here) on March 11, 1959, filed her complaint in equity seeking a divorce and alimony from her husband, Wallace Hodges, made a respondent, along with his father, R. H. Hodges. The bill prayed that the title to certain real estate owned by her husband and mortgaged to his father be vested in her as alimony; that the court ascertain the amount of the mortgage indebtedness on the property and that she be allowed to redeem by paying the debt, if any; also, that the father be restrained from foreclosing the mortgage.

It appears that on November 20, 1960, before a final decree in the cause was rendered and filed, the respondent-husband died. Thereupon complainant qualified as administratrix of his estate, prayed for and obtained a revival of the cause with herself in a fiduciary capacity as a party respondent. The revival was not challenged and its correctness is not here considered.

It further appears from the evidence that R. H. Hodges, the father and mortgagee, proceeded on March 16, 1959, to foreclose his mortgage on the land by selling the same under the power of sale contained in the mortgage.

It appears further from the record before us that the trial court, after hearing some evidence, made some findings of fact, ordered a reference to be held by the Register of the Circuit Court to ascertain the amount necessary to be paid by complainant in the exercise of her statutory right of redemption. No final decree was entered, but the court held all matters in abeyance until the Register filed a report.

When the Register filed a report, the trial court sustained some of complainant's exceptions thereto and overruled others. The court ordered the Register to restate the account in accordance with its findings of fact. The complainant did not file any exception to the account as restated by the Register, which the court by a formal final decree confirmed.

Decisive of this appeal is the correctness vel non of the ruling of the court that the complainant was entitled to exercise a statutory right of redemption rather than her equitable right of redemption; and also the correctness vel non of the report of the Register, following the orders of the trial court, that was based on a statutory right of redemption.

It is our opinion and we so hold that the complainant was entitled to exercise her equitable rather than a statutory right of redemption. She was not lawfully committed under the pleadings and evidence here presented to a statutory right of redemption.

The bill of complaint before us was filed five days before the mortgaged land was sold under the power of sale contained in the mortgage. In Lewis v. McBride, 176 Ala. 134, 57 So. 705(1, 2), we said:

"* * * According to numerous decisions of this court, the equity of redemption is that interest in the land which is held by the mortgagor, before foreclosure; while the right of redemption is not an interest in the land at all, but a mere personal privilege given by

statute to the mortgagor after the land has been sold under the mortgage. * * *" (57 So. 706)

The facts here are somewhat similar to the situation in Beasley v. Ross, 234 Ala. 335, 174 So. 764(1), wherein it appears that after maturity of the indebtedness, and after default in payment of the same, the mortgagee proceeded to advertise the property for sale under the power of sale contained in the mortgage. After the mortgagee had advertised the property for sale, but before the day fixed for the sale, complainant filed a bill for redemption. The mortgagee proceeded to sell the property at foreclosure and became the purchaser. This court said:

"This court is committed to the proposition that the foreclosure of a mortgage, after the filing of a bill by mortgagor to redeem, does not cut off the mortgagor's equitable right of redemption invoked by his bill. The equity of redemption and the right of its enforcement existed at the time of the filing of the bill, and the mortgagee could not impair or destroy this right by proceeding to foreclosure under the power contained in the mortgage. The court having assumed jurisdiction, upon timely bill filed by the mortgagor, will protect the status of the mortgagor, and, to that end, will set aside any subsequent sale made under the power, when such action is necessary to 'accomplish that for which jurisdiction has been assumed.' (Cases cited)" (174 So. 765–766)

In Moseley v. Ritter et al., 226 Ala. 673, 148 So. 139(6), this court said:

"With reference to that phase of the bill in which the complainant seeks to exercise the statutory right of redemption, in the event it should be held that she was not entitled to exercise the equitable right of redemption, we need only to observe that the equitable right of redemption and the statutory right of redemption cannot coexist at the same time, in the same person, and as to the same mortgage and property. The statutory right of redemption springs into existence by force of the statute only after the equitable right of redemption has been cut off by a valid foreclosure. The assertion of the statutory right of redemption presupposes, therefore, a valid foreclosure. * * *" (148 So. 142–143)

There are numerous cases in which this court has determined the rules of law applicable to the factors entering into an equitable redemption from a mortgage on land to secure a debt. We deem it unnecessary here to review any of these decisions, as we presume without hesitancy that the trial court on remandment of this cause will be guided thereby. We therefore refrain from discussing the several assignments of error that present the rules pertinent to equitable redemption of the land here involved.

In view of the confusion that has arisen as reflected in the report of the Register, which followed the orders of the trial court to consider the evidence pertinent to a statutory right of redemption, the trial court will vacate and set aside the report of the Register and proceed to a determination of the issues here present with respect to the exercise of an equitable right of redemption from the sale of the land. We cannot say from the evidence that the voluntary payment by the mortgagee of the price of the pump and certain fixtures should be included as a part of the redemption charges.

It is ordered that the decree of the trial court from which this appeal is taken be and the same is reversed and the cause remanded for further proceedings.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by this court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN, COLEMAN and HARWOOD, JJ., concur.